# Kauffman's Appeal.

70  261
f193 632

1. Confession of judgment and præcipe for fi. fa. were handed by the plaintiff to the prothonotary on Sunday; on the next day the prothonotary entered the judgment and issued execution. *Held*, that the judgment and execution were valid, and had priority over other executions issued subsequently on the same day.

2. The prothonotary was not bound to receive the papers; his acceptance of them was not an official act; he received them as agent of the plaintiff.

3. An auditor was appointed to distribute a fund raised by execution, the money not having been paid into court; a creditor who had no notice of the application for the appointment and did not assent to it, appeared before the auditor; but excepted to the report on this ground. The court confirmed the report. *Held* to be error.

4. On filing the exception, the court should have ordered the money into court before distributing it.

5. The fund not being within the grasp of the court, there was no authority to distribute it without the assent of the parties.

November — 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the decree of the Court of Common Pleas of *Clarion county:* No. 179, to October and November Term 1871. In the distribution of the proceeds of the sheriff's sale of the personal property of John P. Cook.

The records of the Court of Common Pleas of Clarion county, and the endorsements on the writs of execution showed that judgments had been entered against John P. Cook and executions issued on them as follows:—

John R. Kron, $298.98. Entered May 8th 1871. Execution placed in sheriff's hands same day at 6½ o'clock, A. M.

John R. Kron, $298.28. Entered May 8th 1871. Execution placed in sheriff's hands same day at 8 o'clock, A. M.

[Kauffman's Appeal.]

Charles Kauffman.    Entered March 27th 1871.    Placed in sheriff's hands May 8th 1871, at 8¾ o'clock, A. M.

The confessions of judgment on the Kron judgments were handed to the prothonotary at his house on the 7th of May 1871, which was Sunday, with instructions to enter the judgments on the next morning ; at the same time and place a præcipe for a fi. fa. on the first judgment was given to the prothonotary, with instructions to issue the writ the next morning.

On the 8th of May the prothonotary entered the judgments and issued the execution on the first ; a fi. fa. was afterwards on the same day issued on the second judgment ; afterwards Kauffman issued a fi. fa.

These writs severally came into the sheriff's hands as above stated.

The sheriff sold the goods and James B. Knox, Esq., was appointed auditor, on the application of Kron, to distribute the fund arising from the sale.    The fund was not brought into court ; Kauffman did not assent to the appointment of the auditor, nor had he notice of the application.    The amount, after deducting all costs, including those of the audit, was $399.85.

Before the auditor, Kauffman alleged that the transactions in relation to the Kron judgments having taken place on Sunday, the judgments and executions thereon were therefore void.    Kauffman appeared before the auditor, but there made no objection to the money not having been brought into court.

In concluding his report the auditor said :—

" The facts in this case showing that the work or worldly employment which gave the Kron judgments their priority over the Kauffman judgment was done on Monday, and not on Sunday, to wit : The entry upon the docket by the prothonotary and the issuing of the writs of fieri facias, would not bring the entry of the Kron judgments within the principles decided in the above stated cases cited by attorney for execution-creditor Kauffman. And your auditor is of the opinion that the writs issued on the said Kron judgments, being the first in the hands of the sheriff, are entitled to the funds—the distribution of which your auditor makes as per statement below :"

He appropriated the whole of the fund to the Kron judgments.

Kauffman filed exceptions, averring that the auditor erred in reporting that the transactions on Sunday in relation to the judgments, &c., did not invalidate them : also, that there was error in the proceedings for distribution, the money having not been paid into court.

The report was confirmed.

Kauffman appealed to the Supreme Court and assigned for error the confirmation of the report of the auditor.

[Kauffman's Appeal.]

*T. S. Wilson* and *G. A. Jenks*, for appellant.—The fund could not be distributed without being in court: Williams's Appeal, 7 Barr 259; Troutman's Appeal, 11 Harris 491; Masser *v.* Dewart, 10 Wright 534. The transactions having been on Sunday, the judgments, &c., are void: Acts of 1705, sect. 4, 1 Sm. L. 25, April 22d 1794, sect. 1, 3 Sm. L. 177, 2 Bright. Purd. 1345, pl. 1, 3; Stearn's Appeal, 14 P. F. Smith 447; Kepner *v.* Keefer, 6 Watts 231; Foreman *v.* Ahl, 5 P. F. Smith 325:

*W. W. Barr*, for appellee.—The act of June 22d 1871, sect. 1 (Pamph. L. 1376), 1 Bright. Purd. 658 pl. 118, authorizes distribution by assent of parties without payment of money into court. Kauffman did not object to the appointment of the auditor, nor at the hearing that the money was not paid into court. As to work, &c., on Sunday: Baker *v.* Lukens, 11 Casey 146; Huidekoper *v.* Cotton, 3 Watts 59; Jones *v.* Hughes, 5 S. & R. 299; Lea *v.* Hopkins, 7 Barr 449; Mohney *v.* Cook, 2 Casey 348; Shuman *v.* Shuman, 3 Id. 94.

The opinion of the court was delivered, January 9th 1872, by

WILLIAMS, J.—However improper the act, the delivery of the declarations, confessions of judgment and præcipes for executions to the prothonotary at his residence on Sunday evening, did not affect or impair the validity of the judgments entered, and the executions issued in pursuance thereof the next morning. The prothonotary was not bound to receive the papers at his dwelling-house, and his acceptance of them there cannot be regarded as an official act. He did not receive them in his official capacity, but merely as the agent of the appellee; and their delivery to him on Sunday evening no more rendered the judgments and executions entered and issued thereon nullities, than if they had been handed to some other agent to be delivered the next morning to the prothonotary in his office. If, as was held in Baker *v.* Lukens, 11 Casey 146, a judgment will not be regarded as invalid because the warrant of attorney on which it was confessed appears to be dated on Sunday, there is still less reason for holding the judgments and executions in controversy to be invalid, for in neither of them do the papers appear to have been drawn or executed on Sunday.

But it was error to appoint an auditor to distribute the fund when it was not in court. And the error was not cured by the Act of the 22d of June 1871, Pamph. L. 1376, for it does not appear that the appellant assented to the appointment of the auditor, as provided by the act, or that in any way he waived his right to object to the appointment. The auditor was appointed at the instance of the appellee, without notice to the appellant. It is true that the latter appeared before the auditor and claimed

the fund, but on the coming in of the report he excepted to it on the ground that "the auditor was appointed without the fund being paid into court." When this exception was made the court below should have ordered the fund into court before proceeding to distribute it. It had no authority to decree distribution of a fund not within its grasp without the assent of the parties in interest: Williams's Appeal, 9 Barr 267; Troutman's Appeal, 11 Harris 491; Masser *v.* Dewart, 10 Wright 534; and for this error the decree must be reversed. The victory will be a barren one, for, on the undisputed facts of the case, the appellee is clearly entitled to the fund.

> The decree is reversed at the costs of the appellee, and the record is remitted to the court below, to be proceeded in according to law.