## Commonwealth v. Silvert.

*Alleged contradiction of records—Sunday law—Exclusion of alleged alcoholic beverages from trial.*

1. Where a complaint and a search warrant were dated on Sunday, but the depositions taken show that the papers were asked for and issued on a Monday, the court will not quash the proceeding.

2. Rule to show cause why alcoholic beverages should not be excluded from being offered in evidence and why the officers executing the search warrant should not be restrained from testifying will not be granted.

Rule by defendant to show cause why a search warrant should not be quashed, etc. Q. S. Northampton Co., Dec. Sess., 1924, No. 73.

*Russell C. Mauch,* Assistant District Attorney, for Commonwealth.

*Herbert F. Laub,* for defendant.

STEWART, P. J., April 13, 1925.—This was a rule by the defendant to show cause why the search warrant, dated Feb. 1, 1925, should not be quashed, why the entire proceedings should not be dismissed, why the alleged alcoholic beverages should not be excluded from being offered in evidence and why the officers executing the search warrant should not be restrained from testifying.

Commonwealth v. Silvert.

It appeared that the complaint and the search warrant were dated Feb. 1, 1925. It is admitted that Feb. 1st was Sunday. Depositions were taken, and these show without any dispute that a mistake was made by the alderman. The papers were asked for and issued and the search was made on Monday, Feb. 2nd. It is contended by the learned counsel for the defendant that the complaint and search warrant, being the foundation of a judicial proceeding, are not subject to correction. The principle that he contends for is that parol evidence cannot be introduced to contradict, impeach, vary or explain judicial records. In McMicken v. Com., 58 Pa. 213, Mr. Justice Sharswood said: "The highest considerations of public policy require that the officer himself, to whom the law has entrusted the performance of a public duty and of the fulfillment of which a record has been made, should not be permitted to open his mouth to impeach it and thus to admit himself guilty of official misconduct or of crime." It is often said that the records of a court import absolute verity. Where, however, the proceeding is the foundation of an action which would be perfectly lawful if done on a weekday, and where, as a matter of fact, the act was done on a weekday, and the only purpose of the application is to quash the proceeding by asserting that the court is bound to follow an obvious mistake of an alderman, the principle above referred to does not apply. Where a judgment note was dated on a Sunday, but, as a matter of fact, the judgment was not entered until the next day, the court refused to strike off the judgment: Baker et ux. v. Lukens, 35 Pa. 146. The same principle is referred to in Kauffman's Appeal, 70 Pa. 261, where confession of judgment was handed to the prothonotary on Sunday, but he did not issue the execution until Monday, and it was held to be a valid act. Where the summons was dated on a Sunday and served on a Sunday, the proceeding is illegal: Whiteside v. Flora, 12 Dist. R. 153. So where a party was arrested on Sunday on a warrant charging a misdemeanor, it was held to be an illegal proceeding: Com. ex rel. Volpe v. Superintendent of County Prison, 5 Dist. R. 635. Where a warrant was issued and served on a Sunday for illegally selling liquor, it was held to be a void proceeding: Com. v. De Puyter, 16 Pa. C. C. Reps. 589. The present case is not of that character. It is also alleged that the warrant described the premises to be searched as No. 359 Bushkill Street, whereas, as a matter of fact, the liquors were seized in a tenement-house of the defendant having a different number. Considerable testimony was taken upon this branch of the case, but it is not for the court to decide on this rule what the real facts are. They are questions for a jury to decide, and we will not discuss them at length. Whatever question there may formerly have been as to the admission in evidence of liquors seized by officers under alleged illegal proceedings, all support to that objection has been swept away by the decision of the Superior Court in Com. v. Schwartz, 82 Pa. Superior Ct. 369. The fifth syllabus is: "Intoxicating liquors unlawfully possessed, no matter how obtained or how they come into the custody of the Commonwealth, should not be returned again to the criminal possession of the defendant. A wide difference exists between contraband articles, the possession of which is in itself a crime, and private property, which is only evidential in character." Judge Keller, on page 377, discusses the subject. The reasoning of that opinion does away with the necessity of rules like the present. It had been formerly held that such an objection should be disposed of before trial, but the logical result of the above case is to make all such rules as the present unnecessary.

And now, April 13, 1925, rule is discharged.

From Henry D. Maxwell, Easton, Pa.