## King *versus* McCully.

*Injunction to open Private Way.*

. 1. To warrant a decree and an injunction to compel a landowner to keep open a way over his premises for the use of another, the complainant's right should be clear and undoubted. If doubtful, the decree should be withheld until the right is established at law.

2. Where a right of way was reserved in a deed executed subsequent to a mortgage of the lands over which it was run, the right is held subject to the title of the mortgage, and a. sale under the mortgage destroys it, together with the deed by which it was reserved or created.

APPEAL from the decree of the District Court of *Allegheny county*. In Equity.

This was a proceeding in Equity, by Alexander King against James McCully, in which a decree of the court below was prayed for, requiring the respondent to remove and abate certain fences and other obstructions which complainant averred had been erected across a private way which he claimed as appurtenant to certain lots in Collins township (part of a larger tract the property of James S. Negley), which he had purchased at sheriff's sale.

The pleadings and evidence in the case showed in substance the following case :—Negley, who was the owner of a tract of land in Collins township, bound by a mortgage in favour of Sarah Jane Mellon, cut it up into smaller lots, and, in selling some of them in 1851, reserved for his own use a private way twenty-five feet wide, as appurtenant to parcels Nos. 2 and 3, which it was averred was his only means of access and outlet .to these pur-parts. At a sheriff's sale in 1856 on a judgment recovered against Negley on the bond which was secured by the mortgage held by Sarah Jane Mellon, the lots were sold in separate and distinct parcels, and the complainant became the purchaser of Nos. 2 and 3. At a subsequent sale under the same judgment, James McCully, the respondent, purchased No. 20 (along the line of which, it was averred, this right of way had been reserved), and enclosed it. There was no dedication of a road, either public or private, by Negley, nor any notice taken of it in the levy, nor in the subdivisions in which the property was sold, nor was any notice given of it at the sale. The levy was not made according to the description in the mortgage, but in conformity with the subdivision and sales which had been made by Negley; nor did it appear that he had ever opened the road thus reserved.

The District Court dismissed the bill with costs; whereupon the complainant appealed to this court, assigning for error the

[King v. McCully.]

refusal of the court below to grant the relief prayed for, and the dismissal of his bill as above stated.

*Hamilton* and *Acheson*, for appellants, cited and relied on Buchanan v. Moore, 13 S. & R. 304; Cope v. Grant, 7 Barr 488; 1 T. & H. Pr. 809; Krider v. Lafferty, 1 Wh. 303; Perman v. Wead, 2 Mass. 203; 2 Hilliard on Real Estate 26; 2 Story Eq. § 925; Br. Eq. 293.

*R. & S. Woods*, for appellee.

The opinion of the court was delivered, November 19th 1860, by
THOMPSON, J.—The right should be clear to warrant a decree, to be followed by injunction, to compel the keeping open of a way by one man over the premises of another. If doubtful, this of itself would be a sufficient reason to induce a chancellor to pause, until the right be established at law.

Here, however, the District Court must have come to the conclusion, not that the right was doubtful, but that there was no evidence at all of its existence as claimed by the appellant. We have carefully examined the testimony, and entirely concur in that conclusion.

Neither the levy nor the subdivisions in which the property was sold, contain the slightest evidence of the existence of a road as appurtenant to Nos. 2, 3, or 20. Nor was there any evidence to show a road in fact. Mr. Negley, the owner of the property, had made no dedication of a road either public or private, and no notice of any such was given at the sale. On the contrary, the levy included by description the locus of the claimed road.

It is true, Mr. Negley, in conveying to Simpson subsequently to the mortgage, reserved a right of way across the ground sold to him, by and along Catharine Negley's land to Hiland Lane. But as this title was subject to the mortgage, and as the sheriff's sale vested title in the purchaser by relation to the date of the mortgage, it swept away all title under those deeds as well to the right of way as to the land. And as that reservation was not a public dedication, and could not be as against the interest of the mortgagee, and as the latter did not regard it, perhaps not knowing it, in the levy and sale, it simply goes for nothing. No road was in fact ever opened by Negley in pursuance of his reservation.

We are not called upon to discuss the evidence in the case, and content ourselves with announcing the foregoing, as the result of our consideration of the case as presented on this appeal.

Decree of the District Court affirmed at the costs of the appellant.