## Midland Gas Company *v.* Jefferson County Gas Co., Appellant.

*Recording acts—Unacknowledged assignment of oil lease—Probate by prothonotary.*

1. The prothonotary of the Court of Common Pleas has no authority to take the probate of an unacknowledged assignment of an oil and gas lease for the purpose of placing the same on record. If he does so such record is a nullity, and is not evidence for any purpose.

*Lease—Oil and gas lease—Assignment—Estoppel—Receipts.*

2. Where there has been a bona fide assignment of an oil and gas lease to another party, and this party subsequently with the consent of the lessors cancels and surrenders the lease to them, a person claiming to be the owner of the lease under an earlier assignment cannot, in the absence of any evidence to sustain the alleged assignment to himself, stop the lessors from making a second lease to another party by inducing them to accept rentals under the original lease by falsely representing that some fraud had been perpetrated in the cancellation and surrender of the lease, and that the lease in fact belonged to him. The receipts given for rental paid under such circumstances cannot be treated as evidence of a written contract of lease of the land.

Argued Oct. 8, 1912. Appeal, No. 204, Oct. T., 1912, by defendants, from decree of C. P. Jefferson Co., Nov. T., 1911, No. 1, on bill in equity in case of Midland Gas Company v. Jefferson County Gas Company and Jefferson County Oil Company. Before FELL, C. J., BROWN,

MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Bill in equity for an injunction.

REED, P. J., filed the following opinion:

From the pleadings and evidence in this case the following facts are found:

1. The plaintiff and defendants respectively are Pennsylvania corporations, and by their charters were authorized to do and to engage in the matters and things involved in this proceeding.

2. The W. O. Anthony heirs, being the owners of one hundred acres of land in Eldred Township, Jefferson County, Pa., November 26, 1902, leased the same to Thomas Neal, Jr., for oil and gas purposes. This lease provided that the lessee should have and hold the land for said purposes for the term of two years from its date and as much longer as oil or gas was found thereon in paying quantities. In consideration thereof the lessee was to deliver into tanks or pipe lines to the lessors' credit the one-eighth part of all oil produced from the premises and pay one hundred and fifty dollars per year for each gas well during the time gas was sold or marketed from the premises. The lease further provided that it should "become null and void if a well is not completed on the premises within two years from the date hereof, unless the lessee thereafter pay fifty dollars per acre per year until a well is completed." This lease was duly recorded December 11, 1902, in Jefferson county deed book No. 99, page 27.

3. Thomas Neal, Jr., June 20, 1903, assigned the lease to the Oil City Fuel Supply Company and at the same time delivered to it the original lease. The assignment was duly acknowledged, but never recorded. June 22, 1904, the lease, by a writing duly executed and acknowledged, was cancelled and annulled by mutual consent of the parties, and the lease, with the written can-

cellation thereof, delivered to J. R. Anthony, one of the original lessors.

4. Subsequently the W. O. Anthony heirs, March 25, 1911, executed and delivered to the plaintiff, the Midland Gas Company, a lease of this same land for oil and gas purposes and at the same time delivered to it the Thomas Neal, Jr., lease, together with the assignment thereof to the Oil City Fuel Supply Company and the written cancellation by it of said lease; but informed the plaintiff company that the defendant, the Jefferson County Gas Company, claimed the land and had been paying rental thereon to some of the heirs, but had no lease for it.

5. The plaintiff caused the writing cancelling and annulling the Thomas Neal, Jr., lease to be recorded June 6, 1911, in Jefferson County deed book No. 128, page 475, and the Anthony lease to it to be recorded June 20, 1911, in Jefferson County deed book No. 128, page 544; and on the same day that the lease was recorded it went into the actual possession of the leased premises and proceeded to drill the same for oil and gas, and on July 27, 1911, found gas in paying quantities. It thereupon started drilling a second well, when the defendants, claiming to be the owner of the Thomas Neal, Jr., lease referred to in the preceding findings, went upon the land and located a well midway between the plaintiff's wells, which they proposed to drill. The plaintiff then filed this bill and obtained a preliminary injunction restraining the defendants from drilling said well, etc., which injunction subsequently, on hearing, was continued until the final disposition of the case.

6. The defendants allege, but have failed to offer any evidence in support thereof, that Thomas Neal, Jr., January 5, 1903, assigned the Anthony lease dated November 26, 1902, to the defendant, the Jefferson County Gas Company, which was prior to his assignment of said lease to the Oil City Fuel Supply Company, which latter assignment was recorded November 14, 1903, in

Jefferson County deed book No. 102, page 342. This assignment was not acknowledged by the lessee, Thomas Neal, Jr., and it was placed on record by virtue of an affidavit made by the subscribing witness before the Prothonotary of the Court of Common Pleas of Jefferson County. The Prothonotary being without authority to take proof of the execution of the assignment, it was improperly recorded. There was no attempt to prove the assignment except by the production of this void record. The alleged assignment was not produced, and no witness was called who ever saw such assignment.

7. The defendant, the Jefferson County Gas Company, in July, 1905, called on a number of the lessees in the Thomas Neal, Jr., lease and represented to them that it was the owner of the Neal lease, and wanted to pay the rental therein stipulated for failure to drill the land. These lessors at first refused to accept the rent, stating that the Neal lease had been cancelled and surrendered; but on the representations of this defendant that some fraud, without disclosing what it was, had been practiced and that it was the owner of the lease, they were finally prevailed upon to accept the rent and thereupon to execute receipts therefor, stating that it was the rental stipulated to be paid in the lease from W. O. Anthony, et al., to Thomas Neal, Jr., bearing date November 26, 1902, of one hundred acres of land in Eldred Township, Jefferson County, Pa., said lease being recorded in Jefferson County deed book No. 99, page 27, and now belonging to the said Jefferson County Gas Company. This was repeated each year as to five of the eight lessors, and by virtue thereof the defendants claim to own the five-eighths of the oil and gas in said land under its alleged assignment of the Thomas Neal, Jr., lease and the payment of this rental thereunder, thereby extending said lease to the 26th day of November, 1911.

8. The plaintiff had actual notice, at the time the lease to it was executed and delivered, of the Jefferson County Gas Company's claim of ownership of the

Thomas Neal, Jr., lease and of its payment of the rental therein stipulated; but this is immaterial, since inquiry only would have disclosed the facts as hereinbefore found, namely, that its claim of ownership of said lease was without evidence, either verbal or written, to sustain the same and that the acceptance of the rental therein stipulated by the lessors was induced by its unfounded claim of ownership of said lease and erroneous representations that some fraud had been perpetrated in the assignment of said lease to the Oil City Fuel Supply Company and its subsequent cancellation and surrender thereof to the lessors, which vitiated those transactions.

9. Neither Thomas Neal, Jr., nor any other person claiming to hold under the said lease to him, ever entered into the actual possession of the leased premises or operated the same or made any improvements thereon until after the plaintiff took a lease of said land and proceeded to drill a well thereon as stated in the fifth finding of fact.

10. The defendants have no legal or equitable title or claim under or by virtue of the Thomas Neal, Jr., lease, or otherwise, to the oil or gas in the premises leased to the plaintiff, and the injunction heretofore granted restraining it from going upon said premises for the purpose of operating the same for oil or gas, or otherwise interfering with the plaintiff's right thereto, should be made perpetual.

### QUESTIONS INVOLVED.

1. Has the Prothonotary of the Court of Common Pleas authority to take the probate of an assignment of an oil and gas lease for the purpose of placing the same on record?

2. Is the record of an alleged assignment thus procured evidence for any purpose?

3. Where there has been a bona fide assignment of such lease to another party, and this party subsequently

with the consent of the lessors, cancels and surrenders the lease to them, can an alleged assignee of the lease, in the absence of evidence to sustain the alleged assignment, estop the lessors from making a second lease to another party by inducing them to accept the rental stipulated in the first lease for failure to complete a well on the premises within a specified time by falsely representing that some fraud had been perpetrated in the cancellation and surrender of the lease and that said lease belonged to it?

4. Can a receipt taken for the rent so paid, which identifies the lease by the name of the lessee and by the date and place of its record and also by the quantity of land and the township where located, and containing a statement that said lease "now belongs to it," be construed to meet the statutory requirements of a writing signed by the parties, as evidence of the title to real estate?

### CONCLUSIONS OF LAW.

1. The prothonotary is not an officer authorized to take proof of the execution of an instrument within the recording acts for the purpose of having the same recorded. Only those officers authorized by some statute have this power: Fallon on Conveyancing, Section 233; Peters v. Condron, 2 S. & R. 80; Davey v. Ruffell, 162 Pa. 443. No statute has been cited and none can be found authorizing the Prothonotary of the Court of Common Pleas to take acknowledgments or proof of the execution of deeds, etc.

2. The record of an instrument recorded contrary to law is a nullity: Simon v. Brown, 3 Yeates 186; Goepp v. Gartiser, 35 Pa. 130. A defectively probated instrument cannot be offered in evidence without proof of execution: Downing v. Gallagher, 2 S. & R. 455. The record of the assignment of the Thomas Neal, Jr., lease to the Jefferson County Gas Company having been made contrary to law, it afforded no evidence whatsoever of

the execution of the alleged assignment, and the offer of this record thereof was properly excluded, as appears in the notes of testimony.

3. The acceptance by the lessors from the Jefferson County Gas Company of the rental stipulated in the Thomas Neal, Jr., lease on the faith of its erroneous representations that it was the owner of said lease and that the assignment thereof to the Oil City Fuel Supply Company by the lessee and the subsequent cancellation and surrender of the lease by the Oil City Fuel Supply Company to the lessors were void and without legal force, cannot be given the effect to estop the lessors from asserting the contrary or from making a valid lease to another party upon the discovery of the falsity of such representations. To decide otherwise would be to hold that a party could take advantage of his own fraud to acquire the title of another to real estate by estoppel. Under these circumstances there is no contract to rescind and no obligation resting upon the party thus imposed upon to refund the rental received before controverting the erroneous claims of the party who paid it.

4. The receipts given for rental, paid as stated in the preceding conclusion of law, cannot be used or treated as evidence of a written contract of lease of the land therein referred to or as evidence of the Jefferson County Gas Company's title to the lease from the Anthony heirs to Thomas Neal, Jr. This would be giving them an effect not intended by either party and would violate the purpose expressed in the receipts themselves which they were intended to serve. The receipts cannot be disassociated from the fraud which induced their execution, and so considered they are valueless as evidence for any of the purposes for which they are now sought to be used.

5. The plaintiff is entitled to the relief prayed for in its bill and to an order that the defendants pay the costs of this proceeding.

1912.]      Assignment of Error—Opinion of the Court.

*Error assigned* was decree awarding an injunction.

*D. I. Ball,* with him *C. Z. Gordon,* for appellants.— We most earnestly maintain that the plaintiff cannot make use of the record of the assignment for the purpose of attacking the assignment, and at the same time object to the admission in evidence of that record. The two propositions are certainly inconsistent: Martin v. Ives, 17 S. & R. 364; Weaver's Road, 45 Pa. 405; Share v. Anderson, 7 S. & R. 43; Greeley v. Thomas, 56 Pa. 35; Taylor v. Parkhurst, 1 Pa. 197; Miltimore v. Miltimore, 40 Pa. 151; Baily v. Baily, 44 Pa. 274; Smith v. Jack, 2 W. & S. 101; Goodman v. Losey, 3 W. & S. 526.

*J. E. Mullin,* with him *W. E. Rice* and *A. B. Stewart,* for appellee.

PER CURIAM, November 7, 1912:

The decree of the court is affirmed at the cost of the appellant on the findings of fact and law by Judge REED.