# Reisinger *v.* Garrett Smokeless Coal Company, Appellant.

*Mortgage — Leased coal — Agreement between mortgagee and lessee—Waiver of priority—Record—Constructive notice.*

An owner of coal mortgaged it and subsequently conveyed it to another person who executed a lease of the coal. Thereafter an assignee of the mortgage entered into an agreement with an assignee of the lease, whereby the former agreed for a consideration to waive his priority rights as mortgagee so far as they might affect the rights of the lessee. This agreement was recorded in the deed book, but not in the mortgage book, and shortly afterwards the owner of the coal recorded a repudiation of the agreement in the deed book. Subsequently an assignee of the mortgage ignored the agreement and foreclosed against the entire property, including the coal. The scire facias was served on the lessee as tenant in possession, but the lessee interposed no defense, and permitted judgment to be entered by default. There was no notice of the agreement given in the foreclosure proceedings. The purchaser at the sheriff's sale had knowledge of the agreement and the repudiation. *Held*, (1) that the title acquired at the sheriff's sale on the levari facias related to the date of the record of the mortgage, and cut out all intervening estates and interests; (2) that the lessee having permitted the property to be sold without protest or notice at the sale, could not afterwards interpose the release agreement to defeat the purchasers' claim to possession; (3) that the agreement not having been recorded or noted in the mortgage book, was not constructive notice to any one; (4) that the actual knowledge of the purchaser of the agreement, was immaterial, as he was not precluded by such knowledge in bidding in common with others at the sale; and (5) that the purchaser was entitled to the possession of the coal.

Argued Oct. 3, 1918. Appeal, No. 167, Oct. T., 1918, by defendant, from order of C. P. Somerset Co., Feb. T., 1918, No. 76, awarding possession of coal in case of Daniel M. Reisinger v. Garrett Smokeless Coal Company, a corporation, et al. Before BROWN, C. J., STEWART, WALLING, SIMPSON and FOX, JJ. Affirmed.

Proceedings under the Act of April 20, 1905, Sec. 12, P. L. 239, to secure possession of coal sold at a sheriff's sale under foreclosure proceedings on a mortgage.

The question involved was whether or not a lease of the coal held by appellant was divested by the sale. The material facts are set forth in the opinion of the Supreme Court.

*Error assigned* was order awarding possession of the coal.

*M. W. Acheson, Jr.,* with him *C. W. Walker, Ross R. Scott* and *Jos. Levy,* for appellant, cited: Horvitch v. Eaton, 51 Pa. Superior Ct. 251; Zeigler's App., 35 Pa. 173; Tospon v. Sipe, 116 Pa. 588; Ashmead v. McArthur, 67 Pa. 326; Love's Est., 4 Pa. Superior Ct. 556; Fisler v. Stewart, 191 Pa. 323.

*Charles F. Uhl, Jr.,* with him *D. A. Nelson, Alfred P. Marshall, Joseph L. Holmes* and *Charles H. Ealy,* for appellee, cited: Stewart v. Stewart, 207 Pa. 59; Meigs v. Tunnicliffe, 214 Pa. 495; Mather v. Clark, 1 Watts 491; Hunter v. Baxter, 210 Pa. 72; Lyle v. Armstrong, 235 Pa. 227.

OPINION BY MR. JUSTICE WALLING, January 4, 1919:

This is a statutory proceeding to obtain possession of land purchased at sheriff's sale. In 1910 the Kenneth Coal Company gave the Milford Coal Company a first mortgage on certain coal lands in Somerset County. Later the land was conveyed to the Mountain Smokeless Coal Company, who, in 1913, executed a royalty lease to Wm. G. Hocking for all the coal therein. The lease was duly recorded and in 1916 assigned by Hocking to the Garrett Smokeless Coal Company, the appellant. By sundry assignments Henry T. Hocking became the owner of the mortgage, and, on February 5, 1917, executed an agreement with the Garrett Smokeless Coal

Company, stipulating that, in consideration of five dollars and the making within one year of certain permanent improvements on the lands to cost not less than five thousand dollars, he agreed "to recognize said lease and to perform and abide by all the covenants of the Mountain Smokeless Coal Company in the said lease in the same manner and to the same extent as if the said Henry T. Hocking had been made a party to the said lease," and waiving his rights as mortgagee so far as the same might impair the rights of the Garrett Smokeless Coal Company as lessee. In May, 1917, this agreement was recorded in a deed book of said county, but not in a mortgage or miscellaneous book, nor was any reference thereto made on the record of the mortgage. Thereafter, on August 31, 1917, the Mountain Smokeless Coal Company made and executed a repudiation of said agreement, stating, inter alia, "that the said Mountain Smokeless Coal Company does hereby repudiate and refuse to assent to the said agreement between the said Henry T. Hocking and the said Garrett Smokeless Coal Company, and does declare the same absolutely null and void, so far as the said agreement affects the rights of the said Mountain Smokeless Coal Company"; which repudiation was also recorded in a deed book of said county. On the day that said agreement was recorded (May 18, 1917), the mortgage was assigned to Elizabeth M. Hocking; and, default having been made thereon, she caused a writ of scire facias sur mortgage to be issued on June 28, 1917. This writ followed the description, etc., of the mortgage and was served on the Mountain Smokeless Coal Company, the real owner of the real estate, and also upon the Garrett Smokeless Coal Company, the tenant found in possession of the property. Judgment was duly entered against the Mountain Smokeless Coal Company in default of an affidavit of defense and later against the Kenneth Coal Company, the original mortgagor, on two returns of nihil habet. A writ of levari facias was issued on the judgment upon which the lands

therein described were duly sold by the sheriff to Daniel M. Reisinger, the appellee, for a sum sufficient to pay the judgment and return a small balance to the Mountain Smokeless Coal Company as owner of the property. Reisinger purchased with knowledge of the agreement and repudiation above mentioned, but the foreclosure proceedings contained no reference to either, nor was any notice given thereof at the sheriff's sale. Said agreement was wholly ignored in the foreclosure proceedings and sale of the property; and the lessee, appellant, took no steps to protect its interest or to limit the judgment or sale of the property, although it had made expenditures in the development thereof. The sheriff's deed to Reisinger followed the mortgage and included the entire property, without reservation of the coal embraced in appellant's lease. Thereafter Reisinger presented his petition to the court, pursuant to the Act of April 20, 1905, P. L. 239 (Purdon's Digest, 13th Ed., Vol. V, p. 6100), to obtain possession of the premises. To this appellant filed an answer, and the court below, concluding that the case turned on questions of law, entered judgment for the petitioner; from which the Garrett Smokeless Coal Company took this appeal.

In our opinion the case was rightly decided. The coal lease being subsequent to the mortgage was subject thereto; and the judgment entered on the scire facias prima facie bound the entire estate, including the coal. The title acquired at sheriff's sale on the levari facias related back to the date of the record of the mortgage and cut out all intervening estates and interests: Lance v. Gorman, 136 Pa. 200; Saunders v. Gould, 124 Pa. 237; Levan et al. v. Millholland et al., 114 Pa. 49; Coyne v. Souther et al., 61 Pa. 455; Magaw v. Garrett et al., 25 Pa. 319; McCormick v. McMurtrie, 4 Watts 192. Those principles are unquestioned, but appellant contends do not control this case because of the agreement of the mortgagee assuming to give priority to the lease. However, the assignee of the mortgage ignored that

agreement and foreclosed against the entire property, and although the scire facias was served on appellant, as tenant in possession, it interposed no defense and permitted judgment to be entered by default. The coal in place was a part of the real estate covered by the mortgage, and any claim of its release or exemption should have been made in answer to the scire facias, for the mortgage merged in the judgment: Shryock v. Buckman, 121 Pa. 248; Michælis v. Brawley, 109 Pa. 7; Hartman v. Ogborn, 54 Pa. 120. The parties served are concluded by the judgment: Lyle v. Armstrong (No. 2), 235 Pa. 227; Mather v. Clark, 1 Watts 491; Blythe v. McClintic, 7 S. & R. 341. And appellant, having permitted the property to be sold thereon without protest or notice at the sale, cannot now interpose the release agreement to defeat the purchaser's claim to possession.

The agreement not having been recorded or noted in the mortgage book was not constructive notice to any one: Midland Gas Co. v. Jefferson County Gas Co., 237 Pa. 602, 607; Gœpp v. Gartiser, 35 Pa. 130; Banks v. Ammon, 27 Pa. 172, 175. True, the successful bidder knew of the agreement, but he also knew from the record that it had been ignored in the foreclosure proceedings and that the lessee had permitted judgment to be taken and execution issued against the entire property without protest. In the absence of fraud, which is not alleged, he might lawfully bid on the property as it was exposed for sale, and was not precluded therefrom by any knowledge he had, not common to others. At sheriff's sale all bidders are upon the same plane, and are affected only by what appears of record or of which notice was given at the sale: Eckels v. Stuart, 212 Pa. 161; Hilliard v. Tustin, 172 Pa. 354; Reading v. Hopson, 90 Pa. 494. In the latter case Chief Justice SHARSWOOD says, "At the sheriff's sale the same rule must apply equally to all the bidders, the mortgagee as well as others, without regard to what their private information may be of facts dehors the record. This puts them all upon an equal footing,

as the bidder is not bound to look beyond the record, neither has he any right to affect his relation to others by any such evidence." And see Logan v. Eva, 144 Pa. 312. Appellee paid full price for the property and acquired the same title and right of possession as would any other successful bidder. Such sales are open to all and not affected by the knowledge of individual bidders. This is not the case of an agreement announced openly at the sale or recorded so as to be constructive notice.

It is urged for appellant that the lease constituted a sale of the coal, and the agreement a release thereof from the mortgage, valid under the Act of April 2, 1822, 7 Sm. 551; 1 Purdon's Digest (13th Ed.) p. 1185. The holder of the mortgage, however, did not proceed against the balance of the premises, as provided in said act, but against the entire property, and was permitted by appellant to do so. In addition, the agreement does not purport to release the coal but to postpone the mortgage thereon to the lease and to waive any claim that might impair the rights of the lessee. We are not prepared to disagree with the conclusion of the court below that this was such a change of the status of the obligations as not to be effective against the protest of the mortgagor; for as a general rule a debtor may insist that his property be taken in accordance with the obligations he has placed upon it: Fisler v. Stewart, 191 Pa. 323. However, we do not base the decision upon that ground.

The assignments of error are overruled and the judgment is affirmed.