## Cynkar v. Kaczynski.

Argued May 5, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*John A. Metz*, and with him *L. J. Korpanty*, for appellant.

*C. W. Sypniewski*, for appellee.

Opinion by Keller, J., July 14, 1932:

On November 4, 1931, the plaintiff, John Cynkar, caused a writ of fieri facias to be issued on a judgment which he held against Andrew Kaczynski, and by virtue thereof the sheriff of Allegheny County levied on certain personal property of the defendant. A rent claim for $3700 was filed with the sheriff by F. A. Skrak and Jacob Smith, under the terms of a written lease for the premises occupied by Kaczynski, the defendant in the execution. Exceptions to this rent claim were filed with the sheriff by the plaintiff in the execution, and following this, but before any return was made to the writ by the sheriff, the landlords, Skrak and Smith, filed a petition in the court of common pleas praying that court to dismiss the exceptions so filed and order the funds in the sheriff's hands to be paid to them on account of their preferred rent claim. An answer was filed by the plaintiff in the execution, and after hearing on petition, answer and depositions the court discharged the rule and directed the sheriff to pay the landlords the sum of $150 as a

preferred claim for rent, and the balance, less costs, to the execution creditor.

There is no provision in our law for the sheriff to report to the court any schedule of distribution of the proceeds of sale of personal property, such as is provided for the proceeds of sale of real estate by the special Act of April 10, 1862, P. L. 364, extended to the whole State by the Act of June 4, 1901, P. L. 357, and amended by the Act of June 12, 1931, P. L. 542.

Prior to the Act of June 28, 1871, P. L. 1376, the court of common pleas had no jurisdiction to order the distribution of the proceeds of sale of real or personal property sold by the sheriff, either directly or through an auditor, until the money was paid into court by the sheriff: Williams' App., 9 Pa. 267, 270; Atkins' App., 58 Pa. 86, 92; Kauffman's App., 70 Pa. 261, 263; Hoch's App., 72 Pa. 53, Semple v. Semple, 193 Pa. 630, 632. The Act of 1871, supra, does provide that it shall be lawful for any court in this Commonwealth to decree the distribution of any funds raised by sheriff's sales of real and personal property, or when expedient, to appoint auditors to make distribution, in all cases in which the parties in interest shall assent to such decree or appointment, notwithstanding that the proceeds of such sales shall not have been paid into court; but the courts have been slow to assume jurisdiction under it when the money has not been paid into court, (Freytag v. Bamford, 9 Phila. 211; Poulson's Petition, 11 Phila. 297); and it should only be applied where the assent of all the parties in interest to the assumption by the court of such jurisdiction definitely appears, and where the fund in the sheriff's hands is settled and determined by his return to the writ. The petition should pray the court to decree distribution of the funds so raised by the sheriff's sale, and returned by him as in his possession, either by the court directly, or through an auditor, as the court may deem expe-

dient, and the assent of all interested parties to such action by the court should affirmatively appear.

It is true that in Appeal of National Gas Co., 1 Pennypacker 100, and Rogers' App., 2 Kulp 30, where auditors had been appointed to report distribution of the fund in the sheriff's hands, the Supreme Court held that exceptants to the auditor's report were estopped from setting up that the fund to be distributed had not been paid into court,—notwithstanding the ruling in Kauffman's App., supra—; but in the present case all parties interested were not made parties,— the defendant was not served with the rule nor did he appear—, no return had been made by the sheriff fixing the proceeds in his hands for distribution, and the proceeding was not under the Act of 1871, but by some fancied analogy to the Act of 1901, supra, and the schedule of distribution therein provided for.

We are of opinion that the whole proceeding was abortive and not authorized by law. With this disposition of the case, we shall not discuss, nor pass upon the merits of, the distribution as directed by the court below.

While the action taken in this case seems in accord with Weiss v. Levey, 69 Pa. Superior Ct. 359, the question of the court's jurisdiction and the regularity of the procedure was not brought to the attention of this court in that case, whereas in the present case it was raised by the appellee.

Where a landlord presents a claim for rent which is disputed, the sheriff can protect himself by paying the money into court. If he makes distribution without a proper order of court in such case, he is personally liable for any mispayment.

The order of the court of common pleas is reversed, and the whole proceeding, starting with the petition of appellants, is dismissed and set aside as without authority of law. Costs incident to the petition and on this appeal to be paid by the appellants.