Pennsylvania Trust Company of Pittsburgh, for use, *v.* Earnest (Pittsburgh School District, Appellant.)

Argued May 5, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

N. R. Criss, for appellant.

Ellsworth Jordan, for appellee.

OPINION BY KELLER, P. J., September 29, 1937:

This is a companion case to Braun, Sheriff, to use of Louik, v. DeRosa, 128 Pa. Superior Ct. 318, 194 A. 514, decided this day, and is concerned with the allowance and payment of penalties and interest on delinquent school taxes in the School District of Pittsburgh for the year 1934 and prior years, on distribution of the proceeds of a sheriff's sale of real estate.

What we have said in the opinion in that case applies here, and would require a like disposition of this case, if the Act of July 22, 1936, P. L. 67, providing for the abatement, under certain circumstances, of penalties and interest on certain taxes in cities and school districts of the first class, etc., applied to the distribution of the proceeds of the present sheriff's sale. There is no need to repeat the substance of it here. But there is even less reason for sustaining the order of the court appealed from in this case than was present in the Braun case, because, in our opinion, the Act of July 22, 1936, supra, does not apply here, as the sheriff's sale in question was held on January 6, 1936, over six months before the Act of July 22, 1936 was passed and approved, and the statute governing the abatement of penalties and interest on taxes in cities and school districts of the first class at the time the real estate was sold by the sheriff was the Act of May 16, 1935, P. L. 166, as amended by the Act of June 21, 1935, P. L. 410.

The Act of June 21, 1935, P. L. 410, contains no provision extending the benefits of its provisions to a

successful bidder or purchaser at sheriff's sale, such as is contained in the fourth section of the Act of July 22, 1936, which was relied on by the appellee and by the court below to sustain the order distributing to the former, as successful bidder at the sheriff's sale, out of the proceeds of such sale, the amount of the interest and penalties on delinquent school taxes.

The facts, as agreed on between the parties, may be briefly stated as follows: The use-plaintiff, Colonial Trust Company, guardian of Fisher, a minor, held a judgment for $2,122.31, entered in Allegheny County, against the defendant, Earnest. It caused a writ of fieri facias to be issued on this judgment on November 21, 1935, under which the sheriff levied on certain real estate of the defendant in the City of Pittsburgh. The real estate was sold by the sheriff on January 6, 1936 to the use-plaintiff for $792.12, an amount sufficient to pay the costs on the writ and the exact amount of all taxes, including penalties and interest, as reported to the sheriff by the various tax collectors. By some indulgence not explained in the agreed statement of facts, the purchaser did not pay its bid until October 30, 1936, nine months and twenty-four days after the sale. On February 8, 1937, a year and a month after the sale, the sheriff filed his return, with a schedule of distribution and list of liens attached. Under this schedule the School District of the City of Pittsburgh was awarded not only the delinquent taxes which had accrued on the real estate but also the penalties and interest which had been added, pursuant to law, for their non-payment. No exceptions were filed to the sheriff's sale and it was confirmed. On February 15, 1937, the use-plaintiff filed exceptions to the sheriff's schedule and distribution in so far as it related to the penalties and interest due on delinquent school taxes for the year 1934 and prior years. The school district appeared, and the matter was argued. On March 19, 1937 the court entered an order

sustaining the use-plaintiff's exceptions and directing the sheriff to pay the use-plaintiff, as successful bidder at the sale, the amount of the penalties and interest on said delinquent school taxes. The school district appealed. The money to be distributed is still in the hands of the sheriff—no part of it has been paid to the school district.

We are of opinion that distribution of the fund in the hands of the sheriff must be governed by the law as it existed on the date of the sheriff's sale. The rights of persons, including governmental subdivisions, to the proceeds realized by the sale could not be affected by subsequent legislation. "Their rank and standing were fixed absolutely as a matter of law, by the sale. After that no new rights of lien, or claim on the proceeds, could be acquired by subrogation or otherwise": *Searight's Est.*, 163 Pa. 222, 227, 29 A. 973, (MITCHELL, J.). "It is fundamental in this State that the rights of all parties at a sheriff's sale of real estate depend on the record at the time of the sale": *Colonial Trust Co., Trustee, v. Lincoln Drive Apartments,* 299 Pa. 117, 123, 149 A. 165; *Penna. Co. etc. v. Halpern,* 273 Pa. 451, 455, 117 A. 197; *Reisinger v. Garrett S. C. Co.,* 262 Pa. 530, 534, 106 A. 78. No lien upon the fund, and consequently no right to participate in its distribution, can be acquired afterwards: *Indiana County Bank's Appeal,* 95 Pa. 500, 503.

The appellee admits that if its bid had been paid to the sheriff and the fund had been distributed before the Act of July 22, 1936 was passed and became effective, the interest and penalties accrued on delinquent school taxes would have been distributable to the school district, but argues that the enactment of that act before it paid its bid inured to its benefit and justifies the order of the court below. We have decided in the Braun case, supra, that the order would be erroneous even if the Act of July 22, 1936 applied; but we are all of

opinion that it cannot be applied to the distribution of the proceeds of a sheriff's sale held before its effective date. Distribution must be made as of the date of the sheriff's sale.

As respects appellant's objection to the procedure, it is only necessary to point out that our decision in *Cynkar v. Kaczynski,* 105 Pa. Superior Ct. 434, 161 A. 761, was confined to the distribution of the proceeds of sheriff's sales of personal property. The distinction between the procedure of distribution with respect to such sales and sheriff's sales of real estate, such as this, was pointed out on page 436 of the opinion.

It is to be noted that the use-plaintiff, if a mortgagee, —and it was stated at the argument, that it held the first mortgage on the real estate sold—could have avoided the imposition of penalties and interest, by itself paying the taxes before they became delinquent. See *DeHaven v. Roscon B. & L. Assn.,* 107 Pa. Superior Ct. 459, 164 A. 69; *Hogg v. Longstreth,* 97 Pa. 255, 259.

The assignment of error is sustained. The order of the court below sustaining the exception filed by the use-plaintiff—the appellee—to the schedule of distribution reported by the sheriff awarding penalties and interest on school taxes to the school district is reversed, and the record is remitted to the court below with directions to order distribution of said penalties and interest to the school district as reported in the sheriff's schedule of distribution.

Costs on appeal to be paid by appellee.