## May v. Emmerich et al.

*Charles L. Miller* and *David B. Chambers*, for plaintiff.

*J. Farrell Garvey* and *Harold G. Ripple*, for defendants.

SCHAEFFER, P. J., April 6, 1944.—This is a bill in equity to determine the status of an easement or alley right and to enjoin and restrain Richard P. Emmerich, one of the defendants, from interfering with or obstructing the same.

### Pleadings

The pleadings consist of a bill of complaint and the answer thereto containing new matter.

### Findings of fact

1. Max A. May, plaintiff, is the present owner of a lot of ground situated on the northeast side of Fairview Avenue, Lancaster City, Pa., containing in front 76.34 feet and extending in depth of that width northeastwardly 120 feet.

2. Richard P. Emmerich, one of the defendants, is the present owner and occupier of premises known as 239 Fairview Avenue, Lancaster City, which adjoins plaintiff's piece of land on the southeast, containing in front on the northeast side of Fairview Avenue 20.16 feet and extending in depth of that width northeastwardly 120 feet.

3. John M. Kemrer, the other defendant, is the holder of a mortgage for $2,100 on defendant's premises.

4. Plaintiff acquired title to his land from The Fulton National Bank of Lancaster, surviving executor of Ezra K. Geist, deceased, et al., by deed dated December 27, 1940, and recorded in the Recorder's Office of Lancaster County in Deed Book Y, vol. 34, p. 392.

5. The aforesaid deed to plaintiff contains the following: "Together with and subject to the right of using, in common with others having a similar right thereto, the twelve (12) feet wide common alley extending from Fremont Street over the rear of other property, now or late of Mathias P. Liptich to the hereby conveyed premises."

6. This alleged alley right arose when both properties in question were owned by Mathias P. Leptich and Catharine Leptich, his wife. Said Mathias P. Leptich and wife first conveyed the lot fronting 76.34 feet on Fairview Avenue to Walter B. Aierstuck, plaintiff's predecessor in title, on November 7, 1929, by deed recorded in the Recorder's Office of Lancaster County in Deed Book W, vol. 29, p. 135, in which appears the same special clause relating to the 12-feet-wide common alley as is set forth in the fifth finding of fact.

7. Subsequently, Walter B. Aierstuck and wife, by deed dated April 1, 1930, and recorded in the Recorder's Office of Lancaster County in Deed Book Z, vol. 29, p. 535, conveyed the lot of ground now owned by plaintiff, together with said alley right, to Ezra K. Geist, and the surviving executor of Ezra K. Geist, deceased, et al. conveyed the same premises to plaintiff together with the same alley right.

8. Defendant Richard P. Emmerich acquired title to 239 Fairview Avenue, Lancaster City, by deed dated April 22, 1938, recorded in the Recorder's Office of Lancaster County in Deed Book O, vol. 33, p. 544, from The Industrial Building & Loan Association, the conveyance having been made to Richard P. Emmerich, the defendant, and George M. Emmerich as joint tenants. Said George M. Emmerich on August 5, 1940, by deed recorded in the Recorder's Office of Lancaster County in Deed Book S, vol. 34, p. 470, conveyed his interest in said premises to Richard P. Emmerich.

9. Mathias P. Leptich and Catharine Leptich, the common prior owners, on November 6, 1929, gave a mortgage to Walter B. Aierstuck for $2,000 covering premises 239 Fairview Avenue, now owned by defendant, and premises 701 East Walnut Street, Lancaster City, which mortgage was recorded in the Recorder's Office of Lancaster County on November 7, 1929, in Mortgage Book 334, p. 133. Said $2,000 mortgage was

assigned and transferred on September 30, 1930, to C. G. Engle and W. T. Hambright, which assignment is recorded in Mortgage Book 340, p. 565.

10. On January 6, 1932, Mathias P. Leptich and Catharine Leptich, his wife, gave a mortgage for $2,700 to The Industrial Building & Loan Association of Lancaster, Pa., covering, inter alia, premises 239 Fairview Avenue, which mortgage was recorded on January 7, 1932, in the Recorder's Office of Lancaster County in Mortgage Book 353, p. 50.

11. By a written agreement dated January 2, 1932, Engle and Hambright, the holders of record of the aforesaid $2,000 mortgage, agreed to postpone the lien and effect of said mortgage to the lien and effect of said mortgage of $2,700 and the bond accompanying the same, if entered.

12. On September 29, 1936, The Industrial Building & Loan Association entered said bond in the Prothonotary's Office of Lancaster County and execution was issued thereon.

13. Pursuant to the writ of fieri facias, the sheriff sold premises 239 Fairview Avenue as the property of Mathias P. Leptich and Catharine Leptich to The Industrial Building & Loan Association and conveyed the same by sheriff's deed dated November 30, 1936, and recorded in the Recorder's Office of Lancaster County in Deed Book X, vol. 32, p. 30.

14. In neither of the two mortgages, nor in the deed to defendant or the sheriff's deed above referred to, is there any reference to the easement or alley right in controversy.

15. The 12-feet-wide common alley has not been opened.

16. Defendant has obstructed the alleged alley right by planting hedges which prevent ingress and egress to Fremont Street over and across his property and has posted "No Trespassing" signs thereon.

*Discussion*

The facts in this case are admitted. The case is presented to the court for its determination on the pleadings and the question at issue is one of law.

The mortgage for $2,000 on the corner property known as 239 Fairview Avenue, Lancaster City, was given prior to the alleged creation of the easement or right of way across the rear of that property. The easement could not be established as to this antecedent mortgage. In Dexter et al. v. Pennsylvania Power Co., 127 Pa. Superior Ct. 419, 421 (1937), it is said:

"It is well established that the title of a purchaser at a sheriff's sale relates back to the date of the mortgage and defeats all intervening estates and interests acquired subsequent to the mortgage: Reisinger v. Garrett Smokeless Coal Co., 262 Pa. 530, 106 A. 78. It naturally follows that a sheriff's sale on a prior mortgage destroys a subsequently granted easement. It was so held in King v. McCully, 38 Pa. 76, 77, where it is stated that title to the right of way 'was subject to the mortgage, and as the sheriff's sale vested title in the purchaser by relation to the date of the mortgage it swept away all title under those deeds as well to the right of way as to the land.' . . . It is stated in 19 C. J., §90, p. 905: 'While an easement in real property cannot be granted by the owner thereof so as to affect the rights of a prior mortgagee, the party claiming the easement has the same rights as any other subsequent encumbrancer.' "

If the issue were limited to that feature of the instant case, the solution would be apparent. However, the mortgagee of the servient tenement was also the owner of the adjoining dominant tenement. If the prior mortgage of $2,000 had remained unchanged and a subsequent sheriff's sale had been held pursuant to an execution on the bond accompanying that mortgage,

and if defendant's title were based thereon, plaintiff's contention could not prevail. But this antecedent first mortgage of $2,000 on 239 Fairview Avenue later became a second mortgage, and foreclosure proceedings were instituted on another mortgage of $2,700 which had become a first lien by a postponement of lien agreement. Defendant's title is based on the execution on the bond accompanying the $2,700 mortgage. The $2,000 mortgage was divested by the sheriff's sale in 1936. The $2,700 mortgage was given subsequent to the creation of the alley right of way or about two years thereafter. Accordingly, the premises covered by that mortgage were subject to the easement. The sheriff's sale on the later mortgage did not extinguish the right of way. Although the sheriff's deed and the subsequent deed in 1938 to defendant for premises 239 Fairview Avenue did not specifically mention or refer to the alley right, nevertheless, an examination of the title thereto as to adverse conveyances by predecessors in title would disclose the easement. The purchaser at a sheriff's sale is bound by the record, but need not look beyond the record in the absence of notice: Turtle Creek Bank & Trust Co. v. Murdock, 150 Pa. Superior Ct. 277, 282; Sheaffer v. Baeringer et al., 346 Pa. 32. Furthermore, the purchaser at a sheriff's sale takes only such title as the owner has whose property is sold.

Both properties involved in this proceeding had a common prior owner, Mathias P. Leptich and wife, who granted to Walter B. Aierstuck the alley right in question. While the Leptichs gave a prior mortgage to Aierstuck free of the right of way, evidently the parties intended to create and did establish the alley right now in controversy. The postponement of the lien of the prior mortgage later on did not change this status, especially in view of its divesture by the sheriff's sale.

*Conclusion of law*

The said 12-feet-wide common alley right in controversy is an easement in favor of plaintiff's premises as the dominant tenement and against defendant's premises as the servient tenement.

*Decree nisi*

And now, April 6, 1944, it is ordered, adjudged, and decreed as follows:

1. The premises now owned by defendant known as 239 Fairview Avenue, Lancaster City, Pa., containing in front on the northeast side of Fairview Avenue 20.16 feet and extending in depth of that width northeastwardly along Fremont Street 120 feet, fully described in the deed recorded in the Recorder's Office of Lancaster County in Deed Book O, vol. 33, p. 544, are subject to the easement or right to use the 12-feet-wide common alley, not yet actually opened, extending from Fremont Street across the rear of said defendant's premises to and along the rear of the adjoining premises now owned by plaintiff, containing in front on Fairview Avenue 76.34 feet and extending in depth northeastwardly 120 feet, fully described in the deed from The Fulton National Bank of Lancaster, surviving executor of Ezra K. Geist, deceased, et al., dated December 27, 1940, and recorded in the Recorder's Office of Lancaster County in Deed Book Y, vol. 34, p. 392.

2. Defendant Richard P. Emmerich is enjoined and restrained from interfering with or obstructing the use of said alley right by plaintiff or those entitled to the use thereof.

3. Defendant Richard P. Emmerich is ordered and directed to remove any obstructions placed by him in said right of way.

4. The costs of this proceeding are divided equally between Max A. May, plaintiff, and Richard P. Emmerich, one of the defendants.