## Metropolitan Bond Co. v. Atlas Paste Co. Inc.

*Bernard Goodman*, for receiver.

*Saul Davis*, for intervenors.

*B. A. Karlowitz*, for mortgagee.

CERCONE, J., June 18, 1963.—The issue before the court is whether Western Pennsylvania National Bank, purchaser of real property at an execution sale held on December 4, 1961, or the receiver, appointed December 29, 1961, of Atlas Paste Company, Inc., tenant in possession, is entitled to (1) Rents collected from the property; and/or (2) possession of the real estate.

The parties to this litigation have stipulated to the following facts:

David Rubenstein and his wife, Rose, were the owners of real estate having erected thereon a six-story building. The property is located in the City of Pittsburgh. On June 1, 1956, the Rubensteins leased the fifth floor to Cozy-Comfort, Inc., for three years at a monthly rental of $250. The lease was renewed from year to year. On May 1, 1958, they leased the basement, first, third and fourth floors and the parking lots to Atlas Paste Company, Inc., for ten years at $400 monthly rental. The Rubensteins were the sole shareholders of Atlas Paste. Atlas Paste leased the roof of the building to Pittsburgh Outdoor Advertising Company for three years on August 12, 1960, at $100 monthly.

On September 19, and December 6, 1960, Western Pennsylvania National Bank entered judgment on two notes against Atlas Paste, the maker, and against the Rubensteins as guarantors of the two notes. A week later Pittsburgh National Bank granted a mortgage on the premises, Western Pennsylvania National Bank

postponing the lien of its judgments to that of the mortgage by a proper instrument which was recorded.

Then, on February 27, 1961, the Rubensteins assigned all right, title and interest in the net rentals from the Cozy-Corner lease to Atlas Paste.

The following day they leased the second floor of the building to Alexander Penn Office Supply Company for three years, beginning March 1, 1961, at $300 monthly rental. On March 3, 1961, the Rubensteins assigned their rights to the net rentals from the Alexander Penn lease to Atlas Paste.

Pittsburgh National Bank, the mortgagee, entered judgment against the Rubensteins for default on the mortgage, issued execution and, at the sheriff's sale on December 4, 1961, Western Pennsylvania National Bank purchased the property. Before acknowledgement of the sheriff's deed, a receiver was appointed for Atlas Paste Company, Inc., and shortly thereafter Western Pennsylvania National Bank notified the receiver that it declared the lease from the Rubensteins to Atlas Paste null and void as was its alleged right under that lease. The clause allegedly authorizing its action reads as follows:

"It is further agreed that if . . . bankruptcy proceedings be begun by or against said Tenant, or an assignment be made by the Tenant for the benefit of creditors, or a receiver appointed for the Tenant, then and in such case . . . at the lessor's opinion, this lease shall become null and void."

The receiver has challenged the right of the purchaser at sheriff's sale to take advantage of the above quoted clause and has claimed also the right to all rents as assignee of the rents before sheriff's sale. By agreement of the parties, the receiver has collected the rents and has held them in a segregated account pending determination of the rights of the parties.

With respect to the right of the purchaser at Sheriff's Sale to enforce the clause in the lease from the Rubensteins to Atlas Paste, it is clear the clause empowers the lessor to declare the lease null and void if, inter alia, a receiver is appointed for the lessee. There can be no question that had a receiver been appointed while the Rubensteins were the owners of the property, the Rubensteins could have declared the lease null and void. But the receiver takes the position that Western Pennsylvania National Bank, the purchaser at sheriff's sale, cannot do so because there is no privity between the lessee and the purchaser. However, by statute, it seems quite apparent the purchaser can take advantage of the clause:

"All real estate which shall be sold or delivered as aforesaid, by any sheriff, or other officer, with the appurtenances, shall be quietly and peaceably held and enjoyed, by the person to whom the same shall be sold or delivered, and by the heirs, successors or assigns of such persons, as fully and amply, and for such estate and estates, and under the same rents and services, as he or they for whose debt or duty the same shall be sold or delivered, might, could, or ought to do, at or before the taking thereof in execution": Act of June 16, 1836, P. L. 755, sec. 66, 12 PS §2447.

The statute clearly gives the purchaser the right to enforce the clause here in issue. It declares that the purchaser shall hold the real estate "as fully and amply, and such estate and estates, and under the same rents and services, . . ." as the execution debtor could have done before the sale, and since the Rubensteins could have exercised their rights under the lease, the purchaser can also exercise those rights and declare the lease null and void.

In answer to the argument of lack of privity it may be said that a covenant in a lease providing for term-

ination of the lease is generally held to run with the land and therefore inures to the benefit of the transferee of the reversion, and a conveyance of the reversion without an assignment of the lease brings the transferee into privity with the lessee and enables him to enforce all covenants in the lease, the benefits of which run with the land: Youghiogheny-Pittsburgh Coal Company v. Carlet, 92 Pa. Superior Ct. 40.

In Simons v. Van Ingen, 86 Pa. 330 (1878), the court said:

"It is an elementary principle of law that a lessee, during his occupation, holds both by privity of estate and of contract. His privity of estate depends upon, and exists with, the continuance of his term. By an assignment of the term his privity of estate is transferred to his assignee. It, however, remains annexed to the estate, so that the assignee holds in privity of estate with the original landlord . . . An assignment may be made either by the voluntary act of the party or by operation of law. When a term of years is sold by a sheriff under execution, the sale operates and takes effect as an assignment in law. A purchaser at such sale takes the estate liable to such covenants of the lessee as may have attached to the property demised. As he assumes these liabilities of the lessee he takes all the interest of the assignor in the thing assigned, whether in possession or in expectancy. . . . He is obliged to perform all the covenants of his lessor which are annexed to the estate, so long as he retains possession. By accepting possession of the property, although the assignee may not be named in the original lease, yet he subjects himself to all the covenants that run with the land. He must fulfill them and is entitled to all the rights and privileges flowing therefrom as fully as the lessee held the same."

While in that case the court was dealing with the rights of a purchaser of a term of years at sheriff's sale

to the return of an amount deposited with the landlord for insurance, which under the terms of the lease was to be returned to the lessee at the expiration of the term, the case does stand for the proposition that a purchaser at sheriff's sale acquires all the rights of the execution debtor.

For these reasons, therefore, the purchaser at sheriff sale in this case has the right to take advantage of the clause in the lease here in issue.

The remaining problem revolves around the rights of the parties to the rents collected by the receiver.

Where the lease precedes the mortgage and the term of the lease has not expired, the mortgage is taken subject to the lease, and if there is a foreclosure of the mortgage for default, whether by judgment or by mortgage foreclosure, the property is sold subject to the lease. A conveyance of the property by mortgage carries with it as an incident of the reversion or remainder the right to the rents accruing under that prior lease, the right to be exercised only in case of default by the owner of the real estate: Peoples-Pittsburgh Trust Company v. Henshaw, 141 Pa. Superior Ct. 585.

The purchaser at sheriff's sale thus becomes the landlord where the lease precedes the mortgage, and it has long been held that the execution purchaser of a lessor's interest at a sheriff's sale is entitled to the rent which becomes due after acknowledgement of his deed, but that he is not entitled to rent which accrued before, but was not payable until after the sale: 15 P. L. Encyc. Execution, §149; Long v. Seavers, 103 Pa. 517; Kenwood v. Dordick, 104 Pa. Superior Ct. 12; Girard Trust Company v. Dempsey, 129 Pa. Superior Ct. 471.

Ordinarily, therefore, purchaser in this case would be entitled to any rents accruing after the acknowledgement of his deed, and the execution debtor, or those claiming through him, would be entitled to rents accruing before that time.

But here, after the mortgage was taken, mortgagor assigned all right, title and interest in the rents to Atlas Paste all of the stock of which mortgagors owned, and the receiver of Atlas Paste has asserted his right to those rents accruing after acknowledgement on the strength of the assignment.

Purchaser is entitled to these rents.

The effect of a mortgage foreclosure judgment and a sale thereunder is to extinguish mortgagor's interest and to transfer the estate to purchaser as fully as it existed in the mortgagor at the date of the mortgage: 25 P. L. Encyc. Mortgages, §257; Hartman v. Ogborn, 54 Pa. 120. It is well established that the title of a purchaser at a sheriff's sale relates back to the date of the mortgage and defeats all intervening estates and interests acquired subsequent to the mortgage: 25 P. L. Encyc. Mortgages, §259; DeHaven v. Landell, 31 Pa. 120; Boyer v. Webber, 22 Pa. Superior Ct. 35; Dexter v. Pennsylvania Power Company, 127 Pa. Superior Ct. 419; May v. Emmerich, 50 D. & C. 710.

An example of an intervening estate which was defeated is found in Frank v. Guarantee Trust and Safe Deposit Company, 216 Pa. 40, where the owner of a ground rent purchased the land itself and failed to indicate in a later mortgage of the land an intention to prevent a merger of the rent and the fee. Thereafter, he assigned the ground rent to another. It was held that as against one who purchased the land under foreclosure of the mortgage, the assignee took nothing.

Also in King v. McCully, 38 Pa. 76, a right-of-way was reserved in a deed executed after a mortgage. It was held that the right-of-way was subject to the mortgage and a sale under the mortgage destroyed it together with the deed by which the right-of-way was created. See also Dexter v. Pennsylvania Power Company, 127 Pa. Superior Ct. 419, in which an easement

granted without mortgagee's consent was held to have been extinguished at sheriff's sale.

If easements, ground rents and other such liens and encumbrances created subsequent to the mortgage are extinguished by the foreclosure and sheriff's sale, then by the same token an assignment which follows the mortgage is also destroyed, and the purchaser at such sale takes free and clear of the assignment. Therefore, for these reasons purchaser in this case is entitled to the rents accruing after the acknowledgement of his deed, and execution debtor or those claiming through him is entitled to the rents which accrued prior to that time.

After careful consideration, it is the opinion of the court that the lease from David Rubenstein and Rose Rubenstein, his wife, to Atlas Paste Company, Inc., which is owned entirely by the Rubensteins, is null and void; that Western Pennsylvania National Bank, purchaser at the sheriff's sale, is entitled to possession of the subject premises and that it is also entitled to all rents accruing from the property from the time its deed of purchase was acknowledged.

### Order of Court

And now, to wit, June 18, 1963, after hearing and in consideration thereof, it is ordered, adjudged and decreed that the lease entered into between David Rubenstein and Rose Rubenstein, his wife, and Atlas Paste Company, Inc., for the premises located at 918-920 Fort Duquesne Boulevard, Pittsburgh, Allegheny County, Pa., be and the same is hereby declared null and void, and that Western Pennsylvania National Bank is hereby entitled to all rents accruing from the subject premises from the date its deed of purchase was acknowledged.

Eo die, exceptions noted to defendant and bill sealed.