DAVIS, Respondent, vs. ESTATE OF DAVIS and others, Appellants.

*March 6—April 30, 1918.*

*Husband and wife: Barring dower for adultery: Ancient statute not in force: Divorce.*

1. The Statute of Westminster 2 (13 Edward I. ch. 34), under which a husband could bar his wife's dower in case she voluntarily left him to live in adultery with another and he did not willingly reconcile her, is not in force in Wisconsin. An adequate and broader remedy having been provided by our statutes which make a single act of adultery on the wife's part a cause for divorce from the bonds of matrimony and make such a divorce a bar to dower, it must be deemed that such legislation is exclusive and "suspended" the ancient statute, within the meaning of sec. 13, art. XIV, Const.

2. The fact that a husband, for religious or other reasons, does not wish to avail himself of the remedy given him by law and divorce his wife, cannot give present efficacy to the superseded remedy.

ESCHWEILER, J., dissents.

APPEAL from a judgment of the circuit court for Polk county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

Action for the assignment of dower and for widow's allowance under the law. Levi Davis, a resident of Polk county, Wisconsin, died testate on September 8, 1914. Letters testamentary were issued to *Harris,* the executor therein. The respondent, claiming to be the widow of the deceased, filed in the county court her election to take the provisions made for her by law and petitioned that her dower be assigned to her. The county court found as facts:

"That on the 19th day of March, 1871, the decedent, Levi Davis, and the said petitioner, *Naomi Davis,* were married at the city of Fort Wayne, in Allen county, Indiana; that sometime in the month of June, 1871, the said *Naomi Davis* abandoned the said Levi Davis and departed from his home and ever since has lived separate and apart from him; that in 1874 a child was born to said *Naomi Davis* begotten by

one Solomon Watson; that in the month of July, 1877, she entered into a marriage with one Walton Bradfield at Payne, Ohio, without having been divorced from said Levi Davis, and ever since that time until the death of said Walton Bradfield on the 1st day of February, 1914, lived with him as his wife; that as the issue of said supposed marriage were born nine children; that the said *Naomi Davis* never made any effort to ascertain whether or not the said Levi Davis was yet living when she entered into the marriage relation with said Walton Bradfield."

As conclusions of law it held that *Naomi Davis* and Levi Davis were husband and wife up to the death of the latter, but that owing to her adultery *Naomi Davis* was not entitled to dower or to a widow's allowance. Upon appeal to the circuit court it was stipulated that the facts found by the county court should be the facts in the case. The circuit court held that as the widow of Levi Davis *Naomi Davis* was entitled to dower and her widow's allowance under the law, and judgment was entered accordingly. From this judgment the executor and devisees of the deceased appealed.

The cause was submitted for the appellants on the brief of *Morris E. Yager* of Frederic, and for the respondent on that of *Kennedy & Yates* of Amery.

VINJE, J.   Sec. 13, art. XIV, of our constitution provides that

"Such parts of the common law as are now in force in the territory of Wisconsin, not inconsistent with this constitution, shall be and continue part of the law of the state until altered or suspended by the legislature."

This constitutional provision is invoked by appellants to sustain the contentions that ch. 34 of 13 Edw. I., enacted in 1285 and called the Statute of Westminster 2, is in force in Wisconsin. The statute reads:

"And if a wife willingly leave her husband, and go away, and continue with her advouterer, she shall be barred for every of action to demand her dower, that she ought to have

of her husband's lands, if she be convict thereupon, except that her husband willingly, and without coertion of the church, reconcile her, and suffer her to dwell with him; in which case she shall be restored to her action."

The reason for the enactment of such a statute was that under the common law of England adultery was not a cause for divorce, and a husband whose wife was guilty had no remedy to bar her of her dower rights. This statute gave him a remedy in case his wife voluntarily left him to live in adultery with another and he did not willingly reconcile her.

The question arises whether our legislation upon the subject of dower has superseded this ancient statute by enactments which must be deemed to stand in lieu thereof. If our statutes provide substantially the same or similar adequate remedies to the husband and are as broad or broader in their scope than the old statute, then it must be deemed suspended by the legislature within the meaning of the constitutional provision quoted. But if our legislation cannot be held to stand in lieu of the old statute or to have altered it, then it forms a part of the law of the state. *Huber v. Merkel,* 117 Wis. 355, 364, 94 N. W. 354.

The Territorial Statutes of 1839, p. 140, § 5, provide:

"That a wife being a defendant, [in an action for divorce] and convicted of adultery as aforesaid, shall not be entitled to dower in the husband's real estate, or any part thereof, nor to any distributive share in his personal estate on his dying intestate."

The Revised Statutes of 1849, p. 397, ch. 79, sec. 25, contain this provision:

"When the marriage shall be dissolved by the husband being sentenced to imprisonment for life, and when a divorce shall be decreed for the cause of adultery committed by the husband, or on account of his being sentenced to imprisonment for a term of three years or more, the wife shall be entitled to her dower in his lands, in the same manner as if he

were dead; but she shall not be entitled to dower in any other case of divorce."

This was re-enacted as sec. 25, ch. 111, p. 626, of the Revised Statutes of 1858. In the Revised Statutes of 1878, sec. 2373, it was modified to read:

"When a marriage shall be dissolved by the husband being sentenced to imprisonment for life, the wife shall be entitled to her dower in his lands in the same manner as if he were dead; but she shall not be entitled to dower in any other case of divorce from the bond of matrimony."

' The statute of 1898 left this section intact and it remained so until 1909, when by sec. 7 of ch. 323 it was amended to read:

' "When a marriage shall be dissolved by the granting of a decree of divorce from the bonds of matrimony, the wife shall not be entitled to dower in any lands of the husband."

Such has been the law since. Adultery has been a cause for divorce from the bonds of matrimony both before and ever since the organization of the state. See § 1, p. 140, Terr. Stats. 1839, and sec. 2356, Stats. 1917, and notes.

We see, therefore, that our statutes have provided an adequate and broader remedy to the husband than did the Statute of Westminster 2. Under that he could bar his wife's dower only in case she voluntarily left him and willingly lived in adultery with another and in case he did not reconcile her. Under our statutes a single act of adultery on her part is cause for divorce from the bonds of matrimony, and such a decree bars her dower. That a husband, for religious or other reasons, may not desire to avail himself of the remedy given him by law and divorce his wife, is no reason why the rights and obligations flowing from a continuance of the marital relation should be abrogated and ancient remedies substituted therefor. The law gives him a remedy. It is optional with him to use it or not. Since our legislation has given adequate and broader remedies than that afforded

by the English statute and has prescribed how statutory bars to dower on the ground of adultery may be made effective, it must be deemed that such legislation suspends the old statute and is exclusive on the subject.    The fact that where a divorce is granted on the ground of the wife's adultery the court may, in its discretion, give her a portion of the husband's estate, as declared in *Pfingsten v. Pfingsten,* 164 Wis. 308, 159 N. W. 921, does not affect the question of barring her dower.    The latter is barred as effectually where a portion of his estate is given her as where she gets nothing.

The same result was reached in *Lakin v. Lakin,* 2 Allen (84 Mass.) 45, and in *Bryan v. Batcheller,* 6 R. I. 543, 78 Am. Dec. 454, on practically the same grounds.    In New York the statute was substantially re-enacted in 1787, but was repealed in 1830.    2 Scribner, Dower (2d ed.) 536. It appears, though, to be referred to in *Schiffer v. Pruden,* 64 N. Y. 47, as though applicable to a case coming within it and not controlled by state statutes.

In many states where it has been held that there are no specific statutory enactments covering in substance the provisions of the English statute the latter has been declared to constitute the law of the state.    9 Ruling Case Law, 605; 2 Scribner, Dower (2d ed.) 531 *et seq.;* 14 Cyc. 933; *Bell v. Nealy,* 1 Bailey, L. (S. C.) 312, 19 Am. Dec. 686; *Daniels v. Taylor,* 145 Fed. 169.    It also seems to be in force in Pennsylvania (*Reel v. Elder,* 62 Pa. St. 308) and in New Hampshire (*Cogswell v. Tibbetts,* 3 N. H. 41).

Much as the court in this case might desire to find a lawful bar to the dower rights of the petitioner, who from an equitable point of view does not deserve charitable consideration, it is not deemed to be within its province to engraft upon our jurisprudence exceptions where the legislature has covered the subject and made none.    It is to be observed also that the deceased had it within his power ever since his wife abandoned him to bar her dower by an action of divorce on the ground of adultery.    He did not see fit to do so, for

reasons not known to us.  Whatever they may have been, the only inference we can draw from his conduct is that he did not wish to sever the relation of husband and wife.  At any rate he did not sever such relation.  Not having done so, she remained his wife during his lifetime and became his widow upon his death with all the legal rights attaching to such relation.

*By the Court.*—Judgment affirmed.

The following opinion was filed May 20, 1918:

ESCHWEILER, J. (*dissenting*).  I think the claimant should be held to be barred of her dower by the rule of the common law and also as having been waived by her own deliberate act and the judgment be reversed.

The principle of the common law as amended by the Statute of Westminster and by which an adulteress, by continued absence from her husband, lost her dower, was in existence at the time of our Revolution, was suitable to our condition, and clearly in harmony with our constitution and statutes, and is therefore still a part of the common law of this country.  Sec. 13, art. XIV, Const.; *Will of Rice,* 150 Wis. 401, 445, 136 N. W. 956, 137 N. W. 778; *Harrigan v. Gilchrist,* 121 Wis. 127, 219, 99 N. W. 909.

The mere giving of an additional remedy such as is given in the divorce action ought not to be considered as an abrogation of such a common-law principle.  The divorce proceedings require some affirmative action by the husband in order to divest the wife of her inchoate right of dower.  The common law deprives the wife of the same inchoate right of dower by reason of her own action and without requiring any proceedings by the husband.  These two do not appear to me to be in any way inconsistent, or the one a substitute for the other.  Nor should he be driven to the one by anything short of a legislative destruction of the other.

The reasoning of Justice VAN DEVANTER in *Daniels v.*

*Taylor,* 145 Fed. 169, holding that the same Statute of West-minster is a part of the common law in effect in the state of Arkansas, might be better followed than the Massachusetts case cited in the majority opinion.

In this state the barring of dower does not depend solely on statutory provisions. It may be lost by silence when justice required speech, thereby creating an estoppel. *H. W. Wright L. Co. v. McCord,* 145 Wis. 93, 128 N. W. 873. And surely estoppel comes to us through the common law. Coke, Litt. 352*a.*

A married woman may lose a known valuable right by waiver or relinquishment. *Somers v. Germania Nat. Bank,* 152 Wis. 210, 138 N. W. 713.

In this case her right was based solely upon the marriage relationship. That it was a known right is quite apparent from the filing of her claim in the month of July following his death. Knowingly she voluntarily abandoned all the relative duties and obligations on her part and lived away from her husband from 1871 until his death in September, 1914. During these forty-three years that she "lived her own life" as the saying is, she bore ten children begotten by others than the deceased. Such an accumulation of cumulative repudiations of the marital obligations ought to require a judicial declaration that her repudiation thereof was entire and absolute.

The faithless ought not now to be rewarded as though faithful.