101 So.2d 54 (1958)
Rose WAX and Minnie Rosenberg, Joseph Bergman and Betty M. Bergman, Appellants,
v.
Minnie Viola WILSON, also known as Minnie V. Wilson, a single woman, Victoria Crawford Wilson, a single woman, individually and as Administratrix de bonis non of the Estate of Fred Douglas Wilson, also known as Fred Wilson, Deceased, Appellees.
No. 57-312.
District Court of Appeal of Florida. Third District.
March 6, 1958.
Rehearing Denied April 14, 1958.
*55 Irving F. Kalback and Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, and Richard J. Thornton, Miami, for appellants Rose Wax and Minnie Rosenberg.
Mervyn L. Ames, Miami, for appellants Joseph Bergman and Betty Bergman.
Marshall N. Feuer and Carr & Warren, Miami, for appellee Victoria Crawford Wilson.
PEARSON, Judge.
This is an appeal from a final decree of foreclosure. The appellants Rose Wax and Minnie Rosenberg were plaintiffs and holders of a first mortgage. Joseph Bergman and Betty M. Bergman have joined in the appeal. They are the holders of a second mortgage. The appellee, Victoria Crawford, is the widow, and administratrix of the estate, of Fred Wilson, deceased, and she has filed cross assignments of error.
The paragraphs of the decree which are necessary to an understanding of the points raised upon appeal are as follows:
"2. That the defendant, Victoria Crawford Wilson, was the wife of Fred Douglas Wilson, also known as Fred Wilson, at the time of his death, and is entitled to a dower interest in his estate; that such dower interest is superior to the right of the plaintiffs herein and superior to the right of the other defendants herein; that such dower interest is not encumbered by the mortgage being foreclosed in this suit.
"10. (a) It is further the opinion and ruling of this court that the only interest claimed by Victoria Crawford Wilson, individually, in the property being foreclosed is her dower interest and that, therefore, her maximum interest in the said property is one-third (1/3) of the purchase price realized upon foreclosure sale. Accordingly, it is hereby ordered that her dower interest is transferred from the real estate to the proceeds realized upon foreclosure sale thereof. Moore v. Price, 1929, 98 Fla. 276, 123 So. 768. Victoria Crawford Wilson shall deliver possession of said premises to the purchaser thereof. (b) However, this court intentionally refrains from deciding whether or not Victoria Crawford Wilson is entitled to have her dower interest set apart or applied to the proceeds from the sale of this property. It is my opinion that this matter is within the concurrent jurisdiction of the County Judge's Court and that it should be determined with regard to the entire estate of Fred Douglas Wilson, of which that court has jurisdiction, rather than On the Basis of Individual Parts Thereof. There is admitted into evidence in this case a copy of Victoria Crawford Wilson's application to the County Judge to set aside dower in numerous parcels of real estate of which this parcel is one. In the event that the County Judge decides that her dower should be assigned to other property and not to the proceeds received from the sale of the real estate here involved, then the amounts retained by the Clerk in the Registry of the Court to satisfy her dower interest will not inure to *56 her benefit. Under such circumstances the retained portion of the sale proceeds will be applied to the interests of the other parties hereto, including both the first and second mortgagees, and the estate of the decedent Fred Douglas Wilson as to any excess above the first and second mortgage.
"11. In the event plaintiffs are not the purchasers of said property upon the sale, the Clerk shall retain in the registry of the court one-third (1/3) of the purchase price (less costs and plaintiffs' attorneys' fees) subject to further order of this Court as aforesaid, and shall disburse the remaining two-thirds (2/3) as hereafter ordered by this Court.
"12. Plaintiffs and the defendants Bergman as second mortgagees have claimed that defendant, Victoria Crawford Wilson, individually, is not entitled to dower in the subject property, on the grounds of estoppel. It is claimed that she has forfeited her right of dower under Statute of Westminster II, 13 Edward I, Chapter 34, said statute having been adopted as the law of Florida by § 2.01. Florida Statutes [F.S.A.], and second, that she is estopped upon equitable grounds. It is the ruling of the Court that the Statute of Westminster II does not apply in the State of Florida because it has been impliedly repealed by § 65.04 of the Florida Statutes [F.S.A.] which makes adultery grounds for divorce. It is conceded that Victoria and Fred were never divorced on any grounds. As to estoppel on equitable principles, it was proved beyond question that Fred Wilson and Minnie Wilson lived as man and wife, and so represented themselves to the public, for a period of approximately seventeen years, and that defendant, Victoria Wilson, had full knowledge of the situation. Victoria left Fred in 1932, went to New York, and never again lived with him as husband and wife. However, she made a trip to Florida every other year and saw Fred Wilson upon each occasion. Therefore, her conduct was not such to create an equitable estoppel."
Appellants contended, first, that 13 Edward I, c. 34 (Statute of Westminster, II, 1285) being applicable, it was a bar to Victoria Crawford Wilson's claim of dower, second, that Victoria Crawford Wilson was barred by equitable estoppel against her claim of dower. Appellee urged that the chancellor erred by providing that the clerk of the circuit court should retain in the registry of the court one-third of the purchase price (less costs and plaintiff's attorney's fees) subject to further order of the court. We have examined other assignments of error argued by appellant and by appellee as cross-appellant and find that only the points enumerated require discussion. Such remaining assignments of error are denied except as affected by the points discussed.
That portion of the final decree holding that the Statute of Westminster II, supra, is not applicable in the State of Florida is affirmed. The English statute provides:
"* * * And if a Wife willingly leave her husband, and go away, and continue with her advouterer, she shall be barred forever of Action to demand her Dower, that she ought to have in her husband's lands, if she be convict thereupon, except that her husband willingly, and without coercion of the Church, reconcile her, and suffer her to dwell with him; in which case she shall be restored to her Action."
It will be helpful to recall that Edward I reigned from 1272 until 1307. It is urged that this statute became a part of the law of Florida by virtue of Sect. 2.01 Fla. Stat., F.S.A.:
"The common and statute laws of England which are of a general and not a local nature, with the exception hereinafter mentioned, down to the *57 fourth day of July, 1776, are declared to be of force in this state; provided, the said statutes and common law be not inconsistent with the constitution and laws of the United States and the acts of the legislature of this state."
The question of the applicability of the English Statute has been discussed and decided variously in our sister states. See annotation in 71 A.L.R. 277. We are impressed, upon a reading of the cases decided in other states, with the probability that the reason for the enactment of the Statute of Westminster II, was to provide a husband with a remedy in case his wife left him and lived in adultery with another man. And that by the law of England as it existed in 1285, adultery did not constitute a ground for divorce a vinculo matrimonii and thus did not constitute a basis for barring a wife of her claim of dower. See 3 Coke's Institutes 89, also, Lakin v. Lakin, 1861, 2 Allen, 84 Mass. 45, and Davis v. Davis' Estate, 167 Wis. 328, 167 N.W. 819, where this probability is discussed. No other reason for the passage of the statute is advanced by the briefs nor can be gleaned from the cases. It is apparent that the legislation of this state has covered all of the respective rights involved in the Statute of Westminster II. "When the reason for any rule of law ceases, the rule should be discarded." Randolph v. Randolph, 146 Fla. 491, 1 So.2d 480, 481; Ripley v. Ewell, Fla. 1952, 61 So.2d 420, 421.
In the last cited case the Supreme Court had before it the application of Sect. 2.01, supra. The Court held:
"It will also be noted that the statute preserves the common law only in those cases where it is `not inconsistent' with the acts of the Legislature. It is not necessary that a statute be in direct conflict with the common law before the latter may be superseded, inconsistency being sufficient."
The Statute of Westminster II, is inconsistent with the present law of marriage and divorce as our legislature has recognized it. It is therefore not in force in this state.
We proceed now to a consideration of the contention that the chancellor erred in his holding that the wife was not estopped from claiming dower by equitable principles. There is no showing that the appellants relied upon any conduct of Victoria in taking the mortgages upon the property which is involved. See Robertson v. Robertson, Fla. 1952, 61 So.2d 499. The very nature of this claim of dower precludes an assertion that the wife is estopped by virtue of her husband's acts and representations. The claim of dower is a claim against the estate of the husband rather than a claim under the estate of the husband. See Sect. 731.34 Fla. Stat., F.S.A., and Smith v. Hines, 10 Fla. 258; Catlett v. Chesnut, 100 Fla. 1146, 131 So. 120. Although there is in the record some conflicting testimony bearing on this subject, we do not find the chancellor in error upon his findings of fact or conclusion of law in this regard.
Finally there is the question of whether the dower interest was properly charged with costs and attorney's fees. The widow was not a party to the mortgages and is not bound by any provision contained therein for the payment of attorney's fees. The only purpose for including her in the foreclosure proceeding was to attempt to remove her dower right. In this attempt the appellants have been unsuccessful. By the provisions of Sect. 731.34, supra, the appellee is entitled to a one-third part in fee simple of the real property of her husband wherein she had not relinquished her dower. To charge her interest with attorney's fees and costs in this proceeding would be to reduce her interest to less than the one-third provided by law. We therefore conclude that the chancellor erred in this provision of the final decree. It does not follow, however, that he erred in the reservation of the payment of such funds as are realized until allotment *58 proceedings are completed in the County Judges' Court. Such a provision is within the sound discretion of the chancellor and the widow has not been deprived of a substantive right thereby.
It follows that the decree appealed is affirmed except as to that portion charging the dower interest with costs and attorney's fees. The cause is remanded for the entry of an amended final decree not in conflict with this opinion.
Affirmed in part and reversed in part.
CARROLL, CHAS., C.J., and HORTON, J., concur.