137 So.2d 581 (1962)
STATE of Florida ex rel. NATIONAL INSTITUTE OF AGRARIAN REFORM, Petitioner,
v.
Honorable Hal P. DEKLE, As One of the Judges of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, Respondent.
No. 62-8.
District Court of Appeal of Florida. Third District.
February 6, 1962.
Rehearing Denied February 27, 1962.
Sam Daniels and Carr & Warren, Miami, for petitioner.
Bergstresser & Taylor and Kenneth L. Ryskamp, Miami, for respondent.
Before PEARSON, TILLMAN, C.J., and CARROLL and BARKDULL, JJ.
PER CURIAM.
This is an original proceeding in the nature of prohibition and/or mandamus, and arises out of the following factual situation:
On July 26, 1961 the respondent circuit judge entered a final judgment against the petitioner "* * * and/or the Republic of Cuba, its parent authority * * *" in a common law cause then pending before him under Clerk's File No. 61L 730. Thereafter, by orders dated December 1, 1961 and December 8, 1961, the respondent circuit judge ordered the execution sale of certain real property in aid of satisfaction of the aforesaid judgment, which sale was set for January 9, 1962. On *582 December 20, 1961, the United States Attorney for the Southern District of Florida, at the direction of the Attorney General of the United States, filed [in the cause in which the final judgment and the order of sale had been entered] a suggestion of the interest of the United States in the matter, which informed the court that the United States Department of State "* * * recognizes and allows the sovereign immunity * * * from execution * * *" of the property under levy and set for execution sale, and further suggested to the respondent circuit judge that by reason of the Department of State's recognition of the sovereign immunity of the property of the petitioner that the circuit judge should cease the further exercise of jurisdiction over said property. This suggestion was called to the attention of the respondent circuit judge by appropriate pleadings seeking release of the sheriff's levy, and requesting the respondent to enter an order declaring the property to be immune from levy or execution. This the respondent circuit judge declined to do by order dated January 5, 1962, wherein he adjudicated:
"1. That this Court declines to recognize or give effect to the Suggestion of the Interest of the United States in the Matter in Litigation.
"2. That the Motion of the Defendant, NATIONAL INSTITUTE OF AGRARIAN REFORM, for Entry of Order Releasing Property from Sheriff's Levy be and the same is hereby denied."
On the same day, subsequent to the order declining to recognize or give effect to the suggestion of the United States, an original proceeding was instituted in this court by petitioner, directed to the respondent, seeking relief in the nature of prohibition or mandamus, as follows:
"2. That this Court will enter its final judgment herein granting to the petitioner the State's Writ of Prohibition, prohibiting the respondent from continuing to exercise jurisdiction over the said real property, ordering the respondent to recognize and give effect to the Suggestion of the Sovereign Immunity of said property, and ordering the respondent to grant the petitioner's Motion for Entry of Order Releasing Property from Sheriff's Levy."
Following consideration of the suggestion, this court entered its rule nisi in prohibition and, to complete the exercise of our jurisdiction, stayed the sale of the real property pending a final determination of this matter. Upon the return day, the respondent filed his return and brief, and the petitioner has moved for a rule absolute, notwithstanding the return. The correct procedure for raising the question of sovereign immunity was followed by the United States in filing its suggestion, setting forth the action of the United States Department of State. See: Banco Nacional de Cuba v. Steckel, Fla. App. 1961, 134 So.2d 23, and cases cited therein.
Finding that the subject of sovereign immunity was appropriately raised by the suggestion, the next inquiry must be: Was it timely, in view of the fact that the judgment had been entered prior to the suggestion? All that remained to be done was to enforce payment of the judgment by execution sale under the statutes of the State. A review of authorities indicates that the suggestion was timely filed and all proceedings in the trial court should have ceased thereafter, including the execution sale of the two parcels of real property under levy. A claim of immunity may be asserted as to property sought to be levied upon, after a judgment has been entered. See: Dexter & Carpenter, Inc. v. Kunglig Jarnvagsstyrelsen, 2nd Cir., 43 F.2d 705, at page 708:
"But consenting to be sued does not give consent to a seizure or attachment of the property of a sovereign government. The clear weight of authority in this country, as well as that of England and Continental Europe, is against all seizures, even though a valid judgment *583 has been entered. To so hold is not depriving our own courts of any attribute of jurisdiction. It is but recognizing the general international understanding, recognized by civilized nations, that a sovereign's person and property ought to be held free from seizure or molestation at all peaceful times and under all circumstances. Nor is this in derogation of the dignity owed to our courts."
Further, even a specific waiver of immunity does not prevent a subsequent claim of immunity and recognition thereof by the Department of State. Rich v. Naviera Vacuba, S.A., 197 F. Supp. 710; Rich v. Naviera Vacuba, S.A., C.A. 4, 295 F.2d 24.
It is apparent that once the Department of State urges sovereign immunity as to jurisdiction over the person or property of a foreign nation, a court should cease to assert a jurisdiction. Rich v. Naviera Vacuba, S.A., C.A. 4, 295 F.2d 24. The Department of State having recognized the sovereign immunity of the property from execution and the claim of sovereign immunity having been appropriately made, the court had no power to continue to exert its jurisdiction over the property and should have ordered its release from the sheriff's levy.
The procedure followed by the petitioner in the filing of a suggestion which sought, in effect, relief in the nature of a prohibition and relief in the nature of mandamus, has been approved in similar situations. Ex parte Republic of Peru, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014. See also United States of Mexico v. Schmuck, 294 N.Y. 265, 62 N.E.2d 64, wherein the New York Court of Appeals had the following to say in recognizing the doctrine of sovereign immunity in prohibition proceedings:
"An extraordinary situation calling for extraordinary remedy may be presented, however, when a court assumes to try issues which are beyond its competency or to exercise a jurisdiction which, in accordance with well established rules of policy which have the force of law, it should decline to exercise. Ex Parte Republic of Peru, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014; Baltimore Mail S.S. Co. v. Fawcett, 269 N.Y. 379, 199 N.E. 628, 104 A.L.R. 1068. Judicial inquiry may be precluded of claims of immunity previously determined by a competent political branch of the Government upon the request of a foreign sovereign State. In such cases, as the courts have frequently pointed out, the courts `follow the action of the political branch, and will not embarrass the latter by assuming an antagonistic jurisdiction.' United States v. Lee, 106 U.S. 196, 209, 1 S.Ct. 240, 251, 27 L.Ed. 171. Then judges who assume a jurisdiction which may embarrass the Department of State in the conduct of foreign relations may be commanded to relinquish jurisdiction upon the request or suggestion of the political branch of the Government."
The determination of immunity by the Department of State and the filing of the suggestion in this case, effectively terminated the power and jurisdiction of the trial court with reference to matters contained in the suggestion. The respondent circuit judge was under a clear legal duty to enter an order recognizing the suggestion of sovereign immunity accorded to the property in question, and to grant petitioner's motion for an order releasing the property from sheriff's sale. Accordingly, the petitioner is hereby awarded judgment in mandamus and held entitled to a peremptory writ. We assume, however, that in view of this opinion the trial judge will promptly enter the said orders, which we have held it was and is his duty to make, without the necessity for issuance of a formal writ.
It is so ordered.