149 So.2d 384 (1963)
UNITED STATES of America and Republic of Cuba, Appellants,
v.
HARRIS AND COMPANY ADVERTISING, INC., a Florida corporation, Appellee.
Nos. 62-441, 62-442.
District Court of Appeal of Florida. Third District.
February 5, 1963.
Joseph D. Guilfoyle, Acting Asst. Atty. Gen., Washington, D.C., Edward F. Boardman, U.S. Atty., Tampa, Fla., Morton Hollander and Edward A. Groobert, Washington, D.C., for the United States.
Carr & Warren and Sam Daniels, Miami, for appellant Republic of Cuba.
Charles R. Ashmann, Miami, for appellee.
Before CARROLL, BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
Both of these appeals arise out of the same cause of action and the same type of order. During the spring of 1961, the appellee recovered a substantial judgment against the Republic of Cuba. Subsequently it levied execution on various chattels and goods, belonging to the judgment debtor, i various counties of the State of Florida. In September of 1961, it caused a levy to be issued and made upon two airplanes and a sale thereof. In October of 1961, it caused a levy to be made on a third airplane and execution sale was duly held on such levy. Subsequent to the time of the actual execution sales, the United States Government [on behalf of the Republic of Cuba] petitioned in the trial court to intervene in the cause for the purpose of filing suggestions *385 of sovereign immunity to the various airplanes which had been under sheriffs' levies and the proceeds received from said sales. Both pleas of sovereign immunity were denied by the trial judge. The appellants have prosecuted appeals from the two orders denying the intervention to the United States of America and the filing of the pleas of sovereign immunity. The only errors assigned in the record are addressed to the failure of the trial judge to permit intervention and recognition of the pleas.
The primary question for consideration in these cases is whether or not the attempted pleas of sovereign immunity were timely. This court has previously held that a plea of sovereign immunity filed at any time prior to the execution sale is a timely plea. See: State ex rel. National Institute of Agrarian Reform v. Dekle, Fla. App. 1962, 137 So.2d 581. The appellants candidly concede that at the time they filed their motions to intervene and attached copies of their proposed suggestions of sovereign immunity, the chattels or goods of the Republic of Cuba [to wit: the airplanes] had been sold at execution sales. They asserted in their proposed pleas, and urge strongly on these appeals, that their pleas of sovereign immunity reached the proceeds of the said execution sales which, in both instances, were held in the Registry of the Court; in the first instance pursuant to agreement of counsel for the judgment creditor, and in the second instance pursuant to the orders of the court directed to the sheriff who conducted the execution sales. It is noted that the appellant, Republic of Cuba, had attempted [during the argument of this cause] to raise the propriety of the first execution sale in view of its having been a "short sale", pursuant to the provisions of § 55.44, Fla. Stat., F.S.A. However, no assignment of error was directed to the entry of this order and, therefore, the matter was not adequately preserved for review by this court. See: St. Andrews Bay Lumber Co. v. Bernard, 106 Fla. 235, 143 So. 160; Bowden v. Carter, Fla. 1953, 65 So.2d 871.
The doctrine of sovereign immunity is not a new principle of international law, but has been recognized for many years in the relationships between sovereign nations. It is apparent, from a review of the historical background of the development of the doctrine, that the purpose of same was to prevent private individuals of one nation from interfering with the goods, possessions or chattels of a foreign nation in the judicial tribunals of the private citizen's country. See: The Exchange v. McFaddon, 7 Cranch 116, 11 U.S. 116, 3 L.Ed. 287; 2 Curt. 478. The doctrine has been recognized by this court in the recent case of Harris & Company Advertising, Inc. v. Republic of Cuba, Fla.App. 1961, 127 So.2d 687, and in the case of State ex rel. National Institute of Agrarian Reform v. Dekle, supra. These cases hold that when the plea is in the appropriate form and is timely filed, the plea will be recognized. We, however, hold that in the instant case the pleas were untimely filed, the chattels or possessions of the appellant, Republic of Cuba, [to wit: the airplanes] having gone beyond the control of the court at the conclusion of the execution sales. The purpose of the plea of sovereign immunity being to protect a chattel or possession of a foreign government, we hold that the pleas were untimely and it would have been an error for the trial judge to recognize them [coming subsequent to the chattels or possessions and having gone beyond the control of the trial judge by execution sales].
The pleas cannot reach the proceeds of the execution sales because the proceeds of said sales are not the property of the Republic of Cuba [the judgment debtor in the instant case], but upon the sales become the proceeds of the judgment creditor [the appellee herein].[1] See: Del Riccio v. Superior Court, 115 Cal. App.2d 29, 251 P.2d 678; *386 Caldwell v. Laurel Grove Co., 179 La. 53, 153 So. 17; Pennsylvania Trust Co. of Pittsburgh for use of Colonial Trust Co. v. Earnest, 128 Pa.Super. 331, 194 A. 520; 33 C.J.S. Executions § 244. The attempted pleas coming after the expiration of the power of the trial judge to interfere with the chattel of a foreign nation, the reason for the doctrine of sovereign immunity no longer existed and, therefore, there was no reason to apply the doctrine. Randolph v. Randolph, 146 Fla. 491, 1 So.2d 480; Ripley v. Ewell, Fla. 1952, 61 So.2d 420; Wax v. Wilson, Fla.App. 1958, 101 So.2d 54.
For the reasons above stated, the actions of the trial judge in denying the motions to intervene and the failure to accept the suggestions of sovereign immunity, after the execution sales, were correct and said orders are hereby affirmed.
Affirmed.
NOTES
[1] In holding the proceeds of an execution sale are the property of the judgment creditor, we do not hold the entire proceeds are the property of the judgment creditor, but only that amount necessary to satisfy the judgment. Any surplus remains the property of the judgment debtor. See: § 55.50 Fla. Stat.