Salvatore CALDERONE, Plaintiff-Appellee,

v.

NAVIERA VACUBA S/A and Republica de Cuba, Defendants.

NAVIERA VACUBA S/A, Defendant and Third-Party Plaintiff-Appellee,

v.

MAHER STEVEDORING CO., Inc., Third-Party Defendant-Appellant.

No. 48, Docket 27689.

United States Court of Appeals Second Circuit.

Submitted Oct. 11, 1963.

Decided Nov. 20, 1963.

Kirlin, Campbell & Keating, New York City (Matthew L. Danahar, Joseph R. Kelley, Jr. and Vernon S. Jones, New York City, of counsel), for defendant and third-party plaintiff-appellee.

Hanlon & Dawe, Alexander, Ash & Schwartz, New York City, (Sidney A. Schwartz, New York City, of counsel), for third-party defendant-appellant.

Before CLARK, MOORE and KAUFMAN, Circuit Judges.

MOORE, Circuit Judge.

Defendant shipowner, Naviera Vacuba S/A, was held liable to plaintiff, Calderone, because of its failure to maintain its vessel in a seaworthy condition. Naviera Vacuba cross-claimed against Maher Stevedoring Co., Inc., whose employee, it alleged, created the unseaworthy condition. Judge Weinfeld, sitting without a jury, upheld Naviera Vacuba's cross-claim, on the theory that Maher had breached its obligation to carry on its stevedoring in a workmanlike manner, and gave it the right to recovery for damages paid to Calderone and counsel fees to the extent that it submitted proof of having paid them. 204 F.Supp. 783 (S.D.N.Y.1962).

On this appeal, Maher does not question the trial court's finding of liability, but challenges (1) the right of Naviera Vacuba as a nationalized Cuban company to sue in American courts and (2) the propriety and nature of the award of fees and disbursements to Naviera Vacuba's attorneys.

■ The standing of foreign nations in our courts is a matter of comity, determined by the recognition accorded to them by the Executive Branch of the United States Government. See National City Bank v. Republic of China, 348 U.S. 356, 358, 75 S.Ct. 423, 99 L.Ed. 389 (1955); Land Oberoesterreich v. Gude, 109 F.2d 635 (2d Cir. 1940), cert. denied, 311 U.S. 670, 61 S.Ct. 30, 85 L.Ed. 431 (1941).

Since being nationalized by the Cuban Government, Cuban corporations have sued and have been sued in the United States courts. E. g., Banco Nacional de Cuba v. Sabbatino, 307 F.2d 845 (2d Cir. 1962), cert. granted, 372 U.S. 905, 83 S.Ct. 717, 9 L.Ed.2d 715 (1963); Rich v. Naviera Vacuba S. A., 295 F.2d 24 (4th Cir. 1961). Generally, their standing has been unquestioned. Nevertheless, in the absence of a clear statement of policy by the Executive Branch, in P & E Shipping Corp. v. Banco Para El Comercio Exterior De Cuba, 307 F.2d 415 (1st Cir. 1962), the court sua sponte vacated a judgment in favor of a nationalized Cuban corporation and remanded for the district court to ascertain the status of the Cuban Government from the Department of State.

■ Considerations of both international relations and judicial administration lead us to conclude that the onus is on the Department of State, or some other department of the Executive Branch, to bring to the attention of the courts its decision that permitting nationalized Cuban corporations to sue is contrary to the national interest. Since silence on the question may be highly desirable, it would not be wise for the courts unnecessarily to force the Government's hand. However, in this case we need not merely rely on the maintenance of the status quo, because the Executive Branch has made its wishes known. On the appeal from this court to the Supreme Court of Banco Nacional de Cuba v. Sabbatino, supra, the Department of Justice has urged that nationalized Cuban corporations have access to our courts with the protection of the act of state doctrine. Brief for the United States as Amicus Curiae, Banco Nacional de Cuba v. Sabbatino, supra. Moreover, in Rich v. Naviera Vacuba S. A., supra, the Department of Justice asserted that a nationalized Cuban defendant was entitled to the protection of sovereign immunity.

■ We find no merit in Maher's complaint as to the award of attorney's fees. Although disclaiming liability under the policy, the insurance company in going forward with Naviera Vacuba's defense may merely have been desirous of protecting itself in the event the disclaimer was not sustained. Furthermore, we think that Judge Weinfeld's decision on the motion to amend the judgment and the amended judgment make it clear that Naviera Vacuba can recover from Maher

only to the extent it actually pays the attorney's fees.

The amended judgment is affirmed, reasonable attorneys' fees upon this appeal in the amount of $750 taxed against and to be paid by appellant to counsel for third-party plaintiff-appellee, without proof of prior payment thereof by third-party plaintiff-appellee.