John P. RING, Libelant,

v.

The British MOTOR VESSEL CAPE CLEAR, etc., Lyle Shipping Company, Ltd., et al., Respondents.

Jones Stevedoring Company, a corporation, Respondent Impleaded.

No. 28060.

United States District Court
N. D. California, S. D.
Feb. 10, 1964.

Goldstein, Brann & Stern, E. Robert Wallach, Walkup & Downing, San Francisco, Cal., for libelant.

Lillick, Geary, Wheat, Adams & Charles, San Francisco, Cal., for respondent.

Taylor & Porter, John F. Porter, San Francisco, Cal., for impleaded respondent Jones Stevedoring Co.

OLIVER J. CARTER, District Judge.

Libelant, Ring, is a longshoreman, employed by impleaded respondent, Jones Stevedoring Company ("Jones"), who has sued respondent Lyle Shipping Company, Ltd. ("Lyle") for injuries allegedly sustained by him while working aboard Lyle's vessel M.S. Cape Clear.[1] The libel states a claim based on negligence and unseaworthiness. Lyle impleaded Jones for indemnification of any losses it may sustain from Ring's claim, including expenses such as attorney's fees and costs in defending against Ring based on an implied in fact warranty by Jones to perform stevedoring services on the vessel in a safe, workmanlike and proper manner. Jones cross-claimed against Lyle asking indemnity from Lyle "for all expenses of defense, proctor's fees, other costs, and for such other relief as may be proper,"[2] in the event Jones was not found liable to Lyle. Lyle excepted to the cross-claim asking that it be stricken for failure to state a cognizable claim in admiralty.

The cross-claim alleges that Jones performed stevedoring services aboard Lyle's vessel pursuant to a contract for the benefit of Lyle, and that under the provisions of said contract Lyle undertook and agreed "to furnish a safe, reasonable, seaworthy, and otherwise proper vessel, in such a condition to avoid and prevent accidents and injuries to anyone aboard, including libelant, thereby resulting in damages to respondent impleaded (Jones) as hereinafter alleged."[3]

---

1. The libel was also in rem against the vessel, but the in rem aspects of the case were dismissed by the Court in its interim pretrial order upon agreement of the parties.

2. Paragraph V of the Cross-Claim.

3. Paragraph III of the Cross-Claim.

Then follows the allegation that Jones has incurred and will incur "expenses in defense of petitioner's (Lyle's) claim and petition, including court costs, proctor's fees and other reasonable and necessary expenses of defense." [4] The parties agree that there was no formal, express contract, written or oral, setting forth the rights, duties and liabilities of the parties. There was only an oral agreement by Jones with Lyle's representative to unload certain cargo from the vessel.[5] In argument Jones conceded that whatever warranties flow from this agreement must be implied in fact in accordance with custom, practice and usage of the maritime trade or business out of which the agreement grew. The basic premise of Jones' cross-claim is that certain warranties or obligations flow from the shipowner (Lyle) to the stevedore (Jones) by reason of the nature of the oral stevedoring contract in which there were no express provisions as to how the work was to be done, or in what condition the vessel or its cargo was.

Lyle argues that there is no warranty running from the shipowner to the stevedore, and, particularly, none such as claimed by Jones in its cross-claim. For the reasons hereinafter stated the exception should be sustained and the cross-claim stricken.

■■■ It is now clear in the longshoreman-shipowner-stevedore type of suit that whatever warranties or obligations run between the parties to the stevedoring relationship (ordinarily the shipowner and the stevedore) are contractual in nature. Ryan Stevedoring Co. v. Pan Atlantic S.S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133; Weyerhaeuser S.S. Co. v. Nacirema Operating Co., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491. This is true even though there is no direct contractual relationship between the shipowner and the stevedore. Crumady v. The Joachim Hendrik Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413

(the shipowner may be the third party beneficiary of a stevedoring contract between a charterer of the vessel and a stevedore). See also Drago v. A/S Inger, Cir. 2, 1962, 305 F.2d 139. Most judicial consideration of this general relationship has been directed toward the warranties and obligations running from the stevedore to the shipowner. There has been very little discussion of the warranties or obligations running from the shipowner to the stevedore, and what has been said has never dealt directly with the problem here under discussion. In Weyerhaeuser, supra, the Supreme Court said, "If in that regard respondent (stevedore) rendered substandard performance which led to foreseeable liability of petitioner (shipowner), the latter was entitled to indemnity absent conduct on its (shipowner's) part sufficient to preclude recovery." (355 U.S. 567, 78 S.Ct. 440–441, 2 L.Ed.2d 491) The cases treat with the problem in the context of whether some conduct by the shipowner would preclude recovery by the shipowner in the shipowner's indemnity action against the stevedore. See Calmar Steamship Corp. v. Nacirema Operating Co., Cir. 4, 1959, 266 F.2d 79; Drago v. A/S Inger, Cir. 2, 1962, 305 F.2d 139; Pettus v. Grace Line Inc., Cir. 2, 1962, 305 F.2d 151; Shenker v. United States, Cir. 2, 1963, 322 F.2d 622, and Hugev v. Dampskisaktieselskabet International, D.C., S.D., Cal., 1959, 170 F.Supp. 601, affirmed 9 Cir., 274 F.2d 875. Therefore, these discussions of what warranties or obligations, if any, run from the shipowner to the stevedore are not dispositive of the issue in this case. In any event none of these cases expressly or by implication justifies the implied in fact warranties or obligations claimed by Jones as a basis for the relief sought by Jones. The relief Jones seeks by its cross-claim is attorney's fees and costs for defending against Lyle's impleading petition because Lyle has breached its contract to

---

4. Paragraph IV of the Cross-Claim.

5. Also established by the uncontroverted declaration of C. F. Keefer attached to

Lyle's Exceptions to Purported Cross-Claim.

supply to Jones "a safe, reasonable, seaworthy, and otherwise proper vessel." This is a far cry from the exercise of ordinary care to supply a vessel and equipment "in such condition that an expert and experienced stevedoring contractor, mindful of the dangers he should reasonably expect to encounter, arising from the hazards of the ship's service or otherwise, will be able by the exercise of ordinary care under the circumstances to load or discharge the cargo, as the case may be, in a workmanlike manner and with reasonable safety to persons and property," (170 F.Supp. 610) in Hugev, supra, and it runs directly contrary to the holding of Hugev, supra, that the shipowner does not warrant to the stevedore that the vessel is seaworthy. To the same effect is Mickle v. The Henriette Wilhelmine Schulte, D.C., N.D., Cal., 1960, 188 F.Supp. 77. And this appears to be the implication of Crumady, supra, and the cases following it, otherwise the furnishing of defective equipment to the stevedore by the shipowner would in every case defeat the shipowner's indemnity action. Therefore, Jones' claim of an implied in fact warranty of seaworthiness is defective as a matter of law.

■■■ Jones' cross-claim is also defective in another respect. It asks for attorney's fees in defense of Lyle's impleading petition, and argues that if Lyle can recover attorney's fees so, also, should Jones. This argument misses the point. The attorney's fees Lyle seeks to recover are those incurred in defending the action by Ring against Lyle, and made necessary by the breach of the stevedoring contract by Jones. If Lyle is successful in its indemnity action the only attorney's fees it can recover are those made necessary by defending against the longshoreman's action, not attorney's fees for legal services in the indemnity action. Paliaga v. Luckenbach S.S. Co., Cir. 2, 1962, 301 F.2d 403; De Gioia v. United States Lines Co., Cir. 2, 1962, 304 F.2d 421; Shenker v. United States, Cir. 2, 1963, 322 F.2d 622; Strachan Shipping Co. v. Koninklyke Nederlandsche Stoomboat Maalschappy, N. V., Cir. 5, 1963, 324 F.2d 746; Calderone v. Naviera Vacuba S/A, D.C., S.D., N.Y., 1962, 204 F.Supp. 783, affirmed 2 Cir., 325 F.2d 76; Holley v. The Manfred Stansfield, E.D.Va., 1960, 186 F.Supp. 805. If the shipowner or the stevedore could recover attorney's fees in the indemnity action for legal services performed in the indemnity action, such recovery would be contrary to the basic and fundamental principle that attorney's fees are not recoverable by the parties to an action unless required by statute or by contract. There is no statute requiring the payment of attorney's fees in this type of action, and the stevedoring contract does not imply an obligation by the losing party in the indemnity suit to pay attorney's fees for legal services incurred in the indemnity suit.

The exceptions to the cross-claim are sustained.

It is ordered that the purported cross-claim of respondent impleaded, Jones Stevedoring Company, a corporation, against petitioner, Lyle Shipping Company, Ltd., be, and the same is hereby dismissed and stricken.