**SOUTHEASTERN LEASING CORP. et al., Plaintiffs, Appellants,**

v.

**STERN DRAGGER BELOGORSK Etc., Defendant, Appellee.**

**DEEP, DEEP OCEAN PRODUCTS, INC., Plaintiff, Appellant,**

v.

**UNION OF SOVIET SOCIALIST REPUBLICS et al., Defendants, Appellees.**

Nos. 73–1318, 73–1319.

United States Court of Appeals, First Circuit.

Argued March 4, 1974.

Decided March 20, 1974.

William T. Conlan and Richard A. Dempsey, Boston, Mass., with whom Ely, Bartlett, Brown & Proctor and Glynn & Dempsey, Boston, Mass., were on brief, for plaintiffs, appellants.

DeLane E. Anderson, Jr., Boston, Mass., with whom William R. Vincent, Carmen Anthony Russo, Harry J. Hayes, Vincent, Berg & Russo, Jerome V. Flanagan, and Kisloff, Hoch, Shuman & Flanagan, Boston, Mass., were on brief, for defendants, appellees.

Morton Hollander, Atty., Dept. of Justice, with whom Irving Jaffe, Acting Asst. Atty. Gen., James N. Gabriel, U. S. Atty., and Bruno A. Ristau, Atty., Dept. of Justice, were on brief, for United States, amicus curiae.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

The district court, acting upon a suggestion of immunity from the State Department filed by the Attorney General, dismissed the actions brought by appellants and ordered the release of the arrested vessel BELOGORSK. Appellants maintain that the vessel in question is neither owned nor controlled by the U.S.S.R. and that the suggestion of immunity was, therefore, improper. Faced with such allegations, the court erred, according to appellants, in accepting the executive suggestion of immunity without conducting an independent judicial inquiry. We could accept this argument only by deviating from oft-affirmed unequivocal doctrine:

> "The certification and the request that the vessel be declared immune must be accepted by the courts as a conclusive determination by the political arm of the Government that the continued retention of the vessel interferes with the proper conduct of our foreign relations. Upon the submission of this certification to the district court, it became the court's duty, in conformity to established principles, to release the vessel and to proceed no further in the cause." Ex parte Peru, 318 U.S. 578, 589, 63 S.Ct. 793, 800, 87 L.Ed. 1014 (1943).

See Compania Espanola de Navegacion Maritima, S. A. v. The Navemar, 303 U. S. 68, 74, 58 S.Ct. 432, 82 L.Ed. 667 (1938); Isbrandtsen Tankers, Inc. v. President of India, 446 F.2d 1198 (2d Cir. 1971); Rich v. Naviera Vacuba, S. A., 295 F.2d 24 (4th Cir. 1961). We decline to depart from these authorities. In a recent case the fifth circuit also refused to countenance judicial review of the State Department's determination of immunity despite a claim that the executive had acted arbitrarily. Spacil v. Crowe, 489 F.2d 614 (5th Cir. 1974).

We find no merit in appellants' alternative contention that the U.S.S.R. waived sovereign immunity by agreeing in a treaty that Soviet vessels would enter United States ports "subject to the applicable laws and regulations of the United States."

Affirmed.